**CITY OF EVANSVILLE,
Indiana, Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS, LOCAL
357, Appellee.**

**No. 87S01–8712–CV–1152.**

Supreme Court of Indiana.

Dec. 16, 1987.

Patrick A. Shoulders, Brian P. Williams, Richard L. Young, Corporate Counsel, Curtis A. John, Asst. City Atty., Evansville, for appellant.

Charles L. Berger, Evansville, for appellee.

DeBRULER, Justice.

The Court of Appeals, First District, in an unpublished opinion, found that a municipality has authority to establish a merit system, for the purpose of hiring and promoting firefighters, which does not comply with the guidelines of the public safety merit system established in I.C. 36–8–3.5.

[*City of Evansville v. International Association of Fire Fighters, Local 357* (1987), Ind.App., 506 N.E.2d 87 (Table)]. We disagree and hereby grant transfer, vacate the decision of the Court of Appeals, and reinstate the decision of the trial court.

The facts, as summarized by the Court of Appeals, are as follows: In 1985, the Evansville City Council adopted an ordinance establishing a merit system for its fire department as authorized by I.C. 36–8–3.5–3(a). The proposed merit system was rejected by a majority of the active members of the fire department in a referendum. Thereafter, the Safety Board changed its hiring practices from a system which was strictly political to one which incorporated the candidates' qualifications. The rules and regulations adopted by the Safety Board varied in several significant respects from the model public safety merit system provided by the Indiana General Assembly in Pub.L. 316, Acts 1981, I.C. 36–8–3.5.

When Local 357 brought suit to prevent the implementation of the new rules, it argued that I.C. 36–8–3.5–1(a) requires the Safety Board to conform its hiring practices to those specified by the legislature. The trial court agreed with Local 357 that I.C. 36–8–3.5–1 et seq. provides the sole method by which a municipality may establish hiring procedures which incorporate a component of merit. The Court of Appeals rejected the analysis of the trial court and held that the Safety Board had authority to establish a hiring and promotion system which included elements of merit. The rationale of the Court of Appeals was that the language of I.C. 36–8–3.5–1 et seq. indicated that non-statutory methods of adopting a merit system were permissible under the authority given the Safety Board by statute (I.C. 36–8–3–2) and the home rule provision (I.C. 36–1–3–1 et seq.).

The Court of Appeals determined that the question here is one of statutory construction. We agree with that premise but have reached a contrary determination concerning the construction of the statute.

■ The first line of I.C. 36–8–3.5–1 provides that "[t]his chapter applies to *each*

municipality or township that has a full time, paid police or fire department". This line explicitly states that if a municipality or township has a full time, paid police or fire department, this chapter is applicable. The city of Evansville is a municipality with a full time, paid fire department.

The second line of section 1 provides that this chapter is the "exclusive statutory manner for such a unit to exercise the power of establishing a merit system for its police or fire department". Therefore, I.C. 36–8–3.5 is the exclusive statutory method by which Evansville may establish a merit system for its fire department.

The next and last line of section 1 provides that "[t]his chapter does not affect merit systems established under any other authority, except as provided by subsection (b)". Subsection (b) provides that existing merit systems may be retained, but that if they are repealed, any new system adopted must conform to the provisions of I.C. 36–8–3.5.

The Court of Appeals relied on the language in the second line that this chapter is the "exclusive *statutory* manner" for establishing a merit system and the language in the last line that this "chapter does not affect merit systems established under *any other authority*", to reach its conclusion that acceptable non-statutory methods exist for the creation of merit systems for fire department hiring and promotion. Our construction of I.C. 36–8–3.5–1 et seq. leads us to an opposite conclusion.

The First District's rationale is based on an opinion by the Third District, *Way v. City of South Bend* (1986), Ind.App., 496 N.E.2d 802, which involved a similar fact situation. In *Way*, the Court of Appeals held:

[T]he language employed in section 1 does not bear out a mandate of exclusivity. We presume that all words employed in a statute were intended to have meaning. They will be treated as surplusage only when no other possible course is open. *Kidwell v. State* (1967), 249 Ind. 430, 230 N.E.2d 590, *cert. denied* 392 U.S. 943, 88 S.Ct. 2326, 20 L.Ed.2d 1405.

Two sentences in section 1 are critical. The first states that the chapter

"provides the exclusive statutory manner for such a unit to exercise the power of establishing a merit system for its police or fire department."

If the statute were intended to provide the exclusive manner for establishing merit systems, inclusion of the word "statutory" would be surplusage. Giving meaning to "statutory" implies there are non-statutory means for creating merit systems. * * * * * Similarly, the section states:

"This chapter does not affect merit systems established under any other authority, except as provided by subsection (b)."

Since subsection (b) provides for readoption by ordinance of plans created under all of the prior specific statutes, the implication is that plans may or might have been established under yet some other additional authority. Otherwise there is no reason to relegate subsection (b) to the status of an exception.

*Way, supra* at 805.

While the general rule reflects the presumption that all words appearing in a statute were intended to have meaning, the meaning assigned to those words is subject to interpretation. When alternate meanings are available, it would seem illogical to attach a meaning which would deprive the statute being interpreted of all effect or purpose. Rather, it would seem most logical to apply the meaning which is compatible with the letter and intent of the statute.

The words "exclusive statutory manner" are subject to more than one interpretation and do not clearly indicate that non-statutory options exist. This piece of legislation deals with the law of municipal corporations. Within the confines of such laws, words can take on a municipal law cast. The word "statutory" does so here. Within the confines of this piece of legislation it simply refers to the status of most or all of the powers belonging to municipal corporations. Municipal corporations have their

source in statutory law, are limited in power, and have no common law foundation.

The sentence which provides that this "chapter does not affect merit systems established under any other authority, except as provided by subsection (b)", is also subject to alternate interpretations. One such interpretation of the phrase "any other authority" is that it refers to the repealed statutes enumerated in subsection (b). Subsection (b) goes on to provide that any existing system may continue even though it does not comply with this statute, but that if it is repealed, any new system must be compatible with I.C. 36–8–3.5. This language appears to protect the interest in previously established merit systems while ensuring that any changes will result in compliance with this provision.

■ Another rule of statutory interpretation provides that statutes are to be read as a whole. The analysis of the appellate court below does not give appropriate force to the first sentence of the chapter. This sentence precedes the two upon which the analysis proceeds. This first sentence provides: "This chapter applies to each municipality or township that has a full-time, paid police or fire department." It is necessary to interpret this sentence as meaning the chapter applies to each municipality with a full-time paid fire department and to reject an interpretation which would render municipalities free to ignore it if they so desire. The legislature did not intend to enact a purely advisory statute. The language is that of mandatory compliance, not permissive selection.

■ I.C. 36–8–3.5 is clearly designed to ensure the eventual adoption of uniform statewide merit systems for police and fire department hiring and promotion. When a municipality or township modifies an existing plan or creates a new one, I.C. 36–8–3.5 becomes controlling. Whether there is an existing merit system or a state of nature approach, any time the former system is abandoned or modified and a writing setting forth hiring or promotion criteria and containing merit elements is established, the criteria of the statute becomes binding.

The trial court was correct in determining that I.C. 36–8–3.5 was the sole method by which Evansville could create a hiring or promotion system containing elements of merit. Consequently, we reverse the opinion of the Court of Appeals and reinstate the decision of the trial court.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

GIVAN, J., dissents.