**Tommy CASEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A01–9603–CR–84.

Court of Appeals of Indiana.

Jan. 31, 1997.

Daniel F. Zielinski, Deckard & O'Brien, Danville, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Tommy Casey was convicted of Intimidation,[1] a Class C felony, and Battery,[2] a Class C felony. On appeal, Casey challenges the sufficiency of the evidence to support his intimidation conviction and the trial court's sentencing order.

### FACTS

On August 12, 1995, Kimberly Williamson hosted a party for several friends, including her boyfriend, Douglas Russo, and Russo's friend, Jeremy Chapman. At approximately 11:00 p.m. that evening, Kimberly and her friends left her house and traveled to Hoosier's bar, leaving Russo and Chapman behind. Later that evening, Russo and Chapman drove to the bar. Chapman entered the bar and Russo remained outside. After a few minutes, Chapman left the bar and returned, with Russo, to Kimberly's house.

While inside the bar, Kimberly saw Casey and Bryan Williamson, the brother of Kimberly's estranged husband, Ben Williamson. Casey and Bryan began fighting with one of Kimberly's friends. The fight escalated inside the bar and was subsequently removed to the outside of the bar.

Later that evening, Kimberly returned to her home and began watching television with Russo and Chapman. When Russo observed a person standing on a ledge outside a window on the second story of Kimberly's residence, Kimberly, Russo and Chapman went outside to investigate. As soon as they stepped outside, they encountered Casey, who informed Kimberly, Russo and Chapman that they were surrounded by fifty people and should not try to run. Record at 276. Kimberly, Russo and Chapman were then approached by Casey, Bryan, Ben and a fourth, unidentified individual. Kimberly pleaded with Casey to leave, but he refused, stating "Get inside bitch, you're next." R. at 279. Casey then asked one of his companions to retrieve his gun from his car and stated that he was going to kill all of them. R. at 280, 392. Shortly thereafter, either Bryan or Ben handed Casey an aluminum baseball bat which he used to strike Russo on the back of the head. As a result of this blow, Russo suffered an injury which required eighteen stitches. Casey then turned to Kimberly and yelled again "You're next bitch." R. at 279, 352–53, 371, 394. Immediately, Chapman pushed Kimberly inside her home and locked the door. Casey remained outside, pounding on the door for approximately five minutes before departing. Later, Kimberly discovered that the windows of her vehicle and those of several of her guests' had been smashed.

On August 18, 1995, Casey was charged by information with battery, a class C felony, and intimidation, a class C felony. He was tried by a jury on November 21 and 22, 1995, and convicted as charged. Throughout the trial, Casey objected to the State's evidence on his intimidation charge claiming that it did not establish all of the elements necessary to support a conviction. The trial court overruled Casey's various objections. Thereafter, the trial court sentenced Casey to eight years imprisonment for his battery conviction, with three years suspended, and five years for his intimidation conviction. The court ordered the sentences to be served concurrently, for a total sentence of five years imprisonment.

### DISCUSSION AND DECISION

#### I. Sufficiency of the Evidence

First, Casey contends that the evidence was insufficient to support his convic-

1. IND. CODE § 35–45–2–1.

2. IND. CODE § 35–42–2–1.

tion for intimidation. Initially, we note our standard for reviewing sufficiency claims. When reviewing a claim of insufficient evidence, we do not reweigh the evidence or reassess the credibility of witnesses. *Green v. State*, 575 N.E.2d 296, 302 (Ind.Ct.App. 1991), *trans. denied.* Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences to be drawn therefrom. *Fleming v. State*, 579 N.E.2d 73, 74 (Ind.1991). We will affirm the conviction if substantial evidence of probative value supports the conclusion of the trier of fact. *Id.*

■ To support a conviction for intimidation in this case, the State was required to show that the defendant: 1) communicated a threat; 2) to another person; 3) with the intent that the other person be placed in fear of retaliation for a prior lawful act; 4) while having a deadly weapon. I.C. § 35–45–2–1; *Hendrix v. State*, 615 N.E.2d 483, 484 (Ind. Ct.App.1993). According to Casey, the State's allegations and proof are insufficient to show that his threats to Kimberly were intended to place her in fear of retaliation for a prior lawful act. Specifically, Casey argues that the legislature intended "a prior lawful act" to mean more than "not doing something illegal." Appellant's brief at 13. Thus, Casey contends that the State was required to prove more than merely that Kimberly was not breaking the law at the time she was threatened.

We begin by examining the intimidation statute. As we stated above, the State has the burden to show, among other things, that the defendant threatened the victim with the intent that she be placed in fear of retaliation for a prior lawful act. I.C. § 35–45–2–1. When determining the proper interpretation of a statute, we utilize the well-established rules of statutory construction. When construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Dep't of Human Services v. Firth*, 590 N.E.2d 154, 157 (Ind. Ct.App.1992), *trans. denied.* We endeavor to give the statute in question a practical application so as to prevent absurdity, hardship, or injustice, and to favor public convenience. *Baker v. State*, 483 N.E.2d 772, 774 (Ind.Ct. App.1985), *trans. denied.* Additionally, we

presume that all of the words appearing in the statute were intended to have meaning. *Evansville v. Int'l Assoc. of Fire Fighters, Local 357*, 516 N.E.2d 57, 59 (Ind.1987). Absent a clearly manifested purpose to the contrary, we endeavor to give the statutory language its plain and ordinary definition. *Indiana Dep't of Human Services*, 590 N.E.2d at 157.

■ BLACK'S LAW DICTIONARY 885 (6th ed.1990), defines "lawful" as: "Legal; warranted or authorized by the law; having the qualifications prescribed by law; not contrary to nor forbidden by the law; not illegal." "Retaliation" is defined as "to repay in kind; to return for like; to get revenge." WEBSTER'S COLLEGIATE DICTIONARY 999 (10th ed.1993). Construing these words together, it is apparent that the legislature intended to require the State to prove that the victim had engaged in a prior act, which was not contrary to the law, and that the defendant intended to repay the victim for the prior lawful act. This interpretation is consistent with the few Indiana cases which have considered the sufficiency of the evidence to support an intimidation conviction. *See Hendrix*, 615 N.E.2d 483 (defendant convicted of intimidation on basis of threats made to officer because officer had arrested him); *Johnson v. State*, 544 N.E.2d 164 (Ind.Ct.App.1989) (intimidation conviction supported by evidence that defendant threatened to kill victim because she had filed criminal charges against him), *trans. denied.* Therefore, mere proof that the victim is engaged in an act which is not illegal at the time the threat is made is not sufficient. Rather, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act.

■ In the instant case, the record reveals that the State failed to allege or prove that Casey threatened Kimberly in order to place her in fear of retaliation for a prior lawful act. The information charging Casey with intimidation, provided as follows:

> [Casey] communicate (sic) a threat to Kimberly Williamson, another person, with the intent that Kimberly Williamson be placed in fear of retaliation for a prior lawful act

to wit: threatened to kill her while armed with a deadly weapon to wit: a baseball bat.

This language does not specify Kimberly's prior lawful act which lead to the threats. R. at 2. Further, Casey's threats, which consisted of his statement that "You're next bitch" and that he was going to kill her, R. at 353, do not demonstrate his reasons for threatening Kimberly or indicate that he was doing so because of any specific prior act. Finally, although the State alleged in its response to Casey's motion to correct errors that Kimberly was engaged in the lawful acts of being a patron at a bar, being at her house and being a witness to Casey's attack on Russo, R. at 65, 66, 78, the record does not support the State's contention that he was retaliating for any of these actions. Under these circumstances, we cannot say that the State met its burden of showing that Casey's threats placed Kimberly in fear of retaliation for a prior lawful act. As a result, we vacate Casey's conviction and sentence for intimidation.[3]

### II. Sentencing

Casey contends that the trial court erred in sentencing him. Specifically, Casey argues that the trial court failed to state the aggravating circumstances upon which it relied in enhancing his sentence and ignored mitigating circumstances. Casey also contends that his sentence is manifestly unreasonable.

■ Our standard for reviewing a sentence is well-established. We will reverse a defendant's sentence only upon a showing of a manifest abuse of discretion. *Parker v. State,* 567 N.E.2d 105, 113 (Ind.Ct.App.1991), *trans. denied.* The trial court's decision regarding whether a presumptive sentence will be enhanced because of aggravating circumstances lies solely within its discretion. *McCollum v. State,* 582 N.E.2d 804, 817 (Ind. 1991). However, if the trial court uses its discretionary power to enhance a presumptive sentence, it is required to identify all

significant aggravating and mitigating factors, state the reasons why each factor is aggravating or mitigating and balance the factors to determine whether the aggravating factors offset the mitigating circumstances. *Pruitt v. State,* 622 N.E.2d 469, 474 (Ind. 1993). Even one aggravating circumstance will support the enhancement of a sentence. *Reynolds v. State,* 575 N.E.2d 28, 32 (Ind.Ct. App.1991), *trans. denied.*

■ In the instant case, Casey was convicted of battery, a class C felony, which carries a presumptive sentence of four years. In enhancing the presumptive sentence to five years, the trial court noted the presence of two aggravating factors: Casey's prior criminal history and the nature of the crime committed. R. at 705. Additionally, the trial court noted that previous attempts to rehabilitate Casey had not proven successful. R. at 705. These factors are sufficient to support the trial court's imposition of an enhanced sentence.

■ Further, Casey argues that the trial court failed to consider his evidence of mitigating circumstances. However, consideration of mitigating circumstances is not mandatory and is within the trial court's sound discretion. *Boyd v. State,* 564 N.E.2d 519, 524 (Ind.1991). Additionally, no explanation for failing to credit mitigating factors is required. *Bockting v. State,* 591 N.E.2d 576, 582 (Ind.Ct.App.1992), *trans. denied.* Based on the trial court's sentencing statement, in which he supported his decision to enhance Casey's sentence by one year, we cannot say that the trial court's sentencing statement was deficient.

■ Finally, we reject Casey's argument that his five year sentence is manifestly unreasonable. A sentence is not manifestly unreasonable if any reasonable person could find the sentence appropriate for the particular offense and the offender. *Hansford v. State,* 490 N.E.2d 1083, 1093 (Ind.1986); Ind.Appellate Rule 17(B). Here, Casey struck Russo in the head with a baseball bat, causing injuries which required eighteen

---

**3.** Although we reverse Casey's conviction for intimidation, we note that this decision has no impact on his sentence. Casey was sentenced to five years imprisonment for his intimidation conviction, which was to be served concurrently with his sentence of five years imprisonment and three years on probation for his battery conviction. Since Casey does not challenge his battery conviction, thus his sentence of five years stands.

stitches. R. at 284–85. Additionally, the record reveals that Casey had previously been convicted of carrying a concealed weapon, possession of marijuana, contributing to the delinquency of a minor and driving under the influence. R. at 62. Under these circumstances, a reasonable person could find Casey's sentence appropriate.

In sum, we vacate Casey's conviction and sentence for intimidation. In all other respects, the judgment is affirmed.

DARDEN, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent in regard to the disposition of Issue I. The evidence presented at trial, along with the reasonable inferences to be drawn therefrom, is sufficient to prove the intimidation count as far as I am concerned. The verdict should be affirmed.

I concur with respect to the second issue.