**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 18 2013, 6:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD D. KELLY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1212-CR-565 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Judith A. Stewart, Special Judge
Cause No. 41D02-1203-CM-588

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Todd D. Kelly appeals his conviction of intimidation, a Class A misdemeanor. Kelly raises the sole issue of whether there was sufficient evidence to sustain his conviction. Concluding the evidence was sufficient, we affirm.

## Facts and Procedural History

Kelly and his ex-wife, Saundra Kelly Bordenkecher, have been going through contentious post-divorce proceedings for approximately twelve to fifteen years. A hearing was held in Johnson County on October 4, 2011, regarding a small claims action filed by Kelly against Bordenkecher and a counter-claim filed on her behalf by her attorney, John Norris, against him. During the hearing, Kelly made a number of statements both Bordenkecher and her attorney found threatening. As a result of those statements, Bordenkecher obtained a protective order against Kelly and filed a police report.

Kelly was charged with intimidation as a Class A misdemeanor. A bench trial took place and both Bordenkecher and her attorney testified. Attorney Norris testified that after Kelly made the statements at issue, he saw fear in Bordenkecher's eyes and tears coming down her face. Bordenkecher testified that Kelly's statements during the hearing were threatening to her and intimidated her. The trial court found that some of the statements made by Kelly were not threats but that his statements that he would do whatever it took to destroy Bordenkecher and her husband, including bodily harm, constituted intimidation. The court therefore found Kelly guilty as charged. Kelly now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

### II. Sufficiency of Evidence

Kelly was convicted of intimidation in violation of Indiana Code section 35-45-2-1(a)(2). The State was required to prove beyond a reasonable doubt that Kelly communicated a threat to Bordenkecher with the intent to place her in fear of retaliation for a prior lawful act. See id. Kelly argues that the evidence was insufficient to sustain his conviction. We disagree.

Kelly first contends that the statements he made were not threats. The trial court found that several of the statements made by Kelly did not constitute threats, but that based on his tenor and demeanor, his statement indicating that he would do whatever it took to destroy Bordenkecher and her husband and his affirmative response, when asked if this included bodily harm, did. A "threat" is defined, in part, as an expression of an intention to "unlawfully injure the person threatened or another person." Ind. Code § 35-

3

45-2-1(c)(1). The evidence was sufficient for the trier of fact to conclude that Kelly expressed an intention to unlawfully injure Bordenkecher and her husband. That Kelly made his remarks during cross-examination has no bearing on this conclusion. And Kelly's argument that his statements merely indicated his resolve to win in the legal proceedings is merely an invitation for us to reweigh the evidence and assess witness credibility, which we cannot do on appeal. The trial court, as the trier of fact, was acting within its province when it chose not to believe Kelly and to instead judge his actions and words. The evidence was sufficient to support an inference that Kelly communicated a threat to Bordenkecher.[1]

Kelly also argues that there is no evidence that his statements were made with the intent to place Bordenkecher in fear of retaliation for a prior lawful act. In so doing, he relies on the case of Casey v. State, 676 N.E.2d 1069 (Ind. Ct. App. 1997), and contends that like in Casey, the charging information did not specify the victim's prior lawful act, see 676 N.E.2d at 1073. However, the court in Casey did not base its decision on the lack of detail in the charging information. Instead, the court held that even though the State alleged that the victim was engaged in the lawful acts of being a patron at a bar, being at her house, and being a witness to the defendant's attack on a third party, the record did not support the inference that the defendant was retaliating for any of those actions. Id. at 1073. Here, however, the evidence presented demonstrated that Kelly made the threats during a hearing addressing, in part, the counter-claim Bordenkecher filed against him,

---

[1] As the State notes, the opinion relied upon by Kelly to support the argument that his statement was not a threat, Johnson v. State, 725 N.E.2d 984, 987 (Ind. Ct. App. 2000) (reversing the trial court), was vacated on transfer to the Indiana Supreme Court and the trial court was affirmed, Johnson v. State, 743 N.E.2d 755, 756 (Ind. 2001). We remind Kelly's counsel of his duty of candor toward the tribunal under Indiana Professional Conduct Rule 3.3 and his responsibility to carefully check all citations for precedential value.

alleging abuse of process. The cross-examination during which Kelly made the threatening remarks specifically focused on Bordenkecher's legal filings against him, his filings against her, and his desire to win. Thus, the evidence supported an inference that Kelly's threats were made with the intent to place Bordenkecher in fear of retaliation for the lawful act of pursuing legal action against him. We hold that the evidence was sufficient to support Kelly's conviction.

## Conclusion

There was sufficient evidence to sustain Kelly's conviction of intimidation and we therefore affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.