**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 26 2014, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS SCHULTHEIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 60A04-1311-CR-582 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE OWEN CIRCUIT COURT
The Honorable Lori Thatcher Quillen, Judge
Cause No. 60C01-1207-FD-459

**June 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Thomas Schultheis appeals his conviction for intimidation of a law enforcement officer, a Class D felony. We affirm.

**Issue**

The sole issue before us is whether the State presented sufficient evidence to sustain Schultheis's conviction.

**Facts**

During the evening of July 27, 2012, Schultheis visited Cataract Falls State Park in Owen County with his girlfriend and took pictures of her with the Falls as a backdrop. Conservation Officer Patrick Labhart of the Indiana Department of Natural Resources ("DNR") saw the couple and yelled at them to come down from the Falls. Officer Labhart informed the couple that they were prohibited from being in the creek and of the dangers associated with climbing the cliffs. Schultheis assured Officer Labhart numerous times that they were not doing anything wrong. Officer Labhart decided to issue a citation for violating DNR rules and requested Schultheis's identification card. Schultheis responded, "if you want to take this any further, go ahead and write me a ticket before I throw you off the f****** cliff." Tr. p. 284.

The State charged Schultheis with Class D felony intimidation of a law enforcement officer and Class C infraction violation of an administrative rule adopted by the DNR.[1] The charging information read in part: "on or about July 27, 2012 at Cataract Falls in Owen

---

[1] The Class C infraction is not at issue in this appeal, as Schultheis only challenges his conviction for the Class D felony.

County, State of Indiana, Thomas E. Schultheis did communicate a threat to Patrick Labhart, a law enforcement officer, with the intent that Patrick Labhart be placed in fear of retaliation for a prior lawful act, to-wit: enforcing the State law . . . ." App. p. 13. After a jury trial, Schultheis was convicted as charged. Schultheis now appeals.

**Analysis**

Schultheis challenges the sufficiency of the evidence supporting his conviction. When reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences therefrom supporting a guilty verdict or finding. Lock v. State, 971 N.E.2d 71, 74 (Ind. 2012) (quoting Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007)). We will neither assess witness credibility, nor reweigh the evidence to determine if it was sufficient to support a conviction. Id. Those roles are reserved exclusively for the finder of fact, not appellate courts. Id. We must consider only the evidence most favorable to the conviction and will affirm unless no reasonable fact-finder could have found the crime proven beyond a reasonable doubt. Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)).

To convict Schultheis of Class D felony intimidation, the State was required to prove that Schultheis: (1) communicated a threat (2) to Officer Labhart (3) with the intent that he be placed in fear of retaliation for a prior lawful act. See Ind. Code § 35-45-2-1(a)(2), -(b)(1)(B)(i). Schultheis argues that the State did not allege or prove that a lawful act occurred prior to his threat to Officer Labhart. It is true that Officer Labhart did not communicate his intention to issue Schultheis a citation prior to the threat. Officer Labhart only requested identification from Schultheis. However, there is direct evidence in the

3

record of Schultheis reacting defensively to Officer Labhart and insulting him three times while Officer Labhart attempted to enforce State laws. The sequence of events shows that Officer Labhart manifested an intent to issue a citation as he requested identification and made multiple attempts to explain to Schultheis that he was in violation of DNR administrative rules. Schultheis then responded, "if you want to take this any further, go ahead and write me a ticket before I throw you off the f****** cliff." Tr. p. 284. Therefore, there is sufficient evidence that Officer Labhart's lawful act of enforcing State law and starting to issue a citation occurred prior to Schultheis's threat.

In support of his argument, Schultheis relies upon Casey v. State, 676 N.E.2d 1069 (Ind. Ct. App. 1997). In Casey, we reversed an intimidation conviction after concluding that the record did not support the State's contention that the defendant threatened the victim to place her in fear of retaliation for a specific prior lawful act. Id. at 1073. Our decision relied upon the fact that the charging information failed to specify which prior lawful act led to the retaliatory threats. Id. Additionally, the threatening language did not demonstrate the appellant's reason for threatening the victim or indicate that the appellant was doing so because of any specific prior act by the victim. Id. Here, by contrast, the charging information specifies a prior lawful act, enforcing State law, and the record indicates that Schultheis's statement "go ahead and write me a ticket before I throw you off the f****** cliff" indicates that he was aware of the nature of his conduct and aware that he was receiving a citation. App. p. 13; Tr. p. 284. Therefore, a reasonable fact-finder could have reached the conclusion that the threat was in retaliation of Officer Labhart

enforcing the State law and issuing a citation. As a result, we affirm Schultheis's conviction.

## Conclusion

There is sufficient evidence to sustain Schultheis's class D felony conviction for intimidation of a law enforcement officer. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.