## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Michael P. Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny J. Wesley, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 16, 2016 <br><br> Court of Appeals Case No. <br> 18A02-1507-CR-885 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Marianne L. Vorhees, Judge <br><br> Trial Court Cause No. <br> 18C01-1306-FC-43 |

**Pyle, Judge.**

## Statement of the Case

Johnny W. Wesley, Jr. ("Wesley") appeals his convictions, following a bench trial, for Class C felony battery by means of a deadly weapon[1] and Class D felony intimidation.[2] Wesley argues that there was insufficient evidence to support his convictions. Concluding that Wesley's argument are merely a request to reweigh the evidence, we deny this request and affirm his convictions.

We affirm.

## Issue

Whether sufficient evidence supports Wesley's convictions.

## Facts

On June 21, 2013, Wesley, who had a "personalized cart on wheels" containing clothing and other belongings, entered a Marsh store in Delaware County. (Tr. 34). Wesley approached R.L. Musgrove ("Musgrove"), the co-manager of the store, and asked for some cigarettes. Musgrove retrieved the cigarettes and directed Wesley to go to the fifth register so that Musgrove could ring up the

---

[1] IND. CODE § 35-42-2-1(a)(3). We note that, effective July 1, 2014, a new version of the battery statute was enacted and that Class C felony battery is now a Level 5 felony. Because Wesley committed his crime in 2013, we will apply the statute in effect at that time.

[2] I.C. § 35-45-2-1. Pursuant to the 2014 version of the intimidation statute, this Class D felony intimidation offense is now a Level 6 felony.

transaction. Once at the register, Wesley told Musgrove that he had gotten the wrong cigarettes and that Wesley had asked for menthols. Musgrove apologized, retrieved the menthol cigarettes, and then rang them up at the register. Wesley became "upset" about the price and said that Musgrove "was charging him too much and messing with him." (Tr. 6). Wesley refused to pay for the cigarettes and then walked over to the cashier at the first register and asked for cigarettes. Musgrove told that cashier to remain at her register and that he would get the cigarettes for Wesley. Musgrove, who was unarmed, told Wesley that if "he didn't pay for [the cigarettes], he wouldn't get them." (Tr. 6). Wesley then "jerk[ed] a sword . . . from the sheath and smacked the counter and c[a]me around at [Musgrove] and said[,] '[G]ive me my damn cigarettes and give them to me now.'" (Tr. 7). When Musgrove reached for the cigarettes and again told Wesley that he had to purchase them, Wesley "came at [Musgrove] with that sword." (Tr. 7). Wesley "busted" the door of the cigarette case and then started "jabbing the sword at [Musgrove,]" who "smacked it away" and, in doing so, received a small cut on his hand that resulted in a scar. (Tr. 7). Wesley then "hit [Musgrove] across the back of [his] legs" with the sword and broke the skin. (Tr. 8).

[4]     Thereafter, Wesley went back to the first register and knocked over a candy display with the sword. The other store co-manager, Sean McCarthy ("McCarthy") saw Wesley strike Musgrove's legs with the sword, which he described as "a four (4) foot sword." (Tr. 46). McCarthy also saw that Wesley

"was very upset" and was "chopping up the store, the check stands and the counters and everything with the sword." (Tr. 36). McCarthy then called 911.

[5] Officer Chris Kesler ("Officer Kesler") and Officer Eric Peterson ("Officer Peterson") were dispatched to the Marsh store. Upon arriving, Officer Kesler saw Wesley "coming out of the front doors with the sword in his hand." (Tr. 54). Officer Kesler instructed Wesley to drop his sword. When Wesley turned to put the sword in the sheath in his cart, Officer Kesler saw that he had a knife in the back part of his pants. Officer Kesler yelled to the other officer that Wesley had a knife, drew his gun, and instructed Wesley not to reach for the knife. Wesley, however, tried to reach for the knife, and Officer Peterson grabbed Wesley's hand and prevented him from getting the knife. As the officers handcuffed and arrested Wesley, he told Officer Kesler that "he was going to get a gun -- go to his house and get a gun and kill [him]." (Tr. 56). Later that day, the police took photographs of the injuries to Musgrove's hand and the back of his legs.

[6] Thereafter, the State charged Wesley with: Count 1, Class C felony battery with a deadly weapon; Count 2, Class C felony intimidation; and Count 3, Class D felony intimidation. The trial court held a bench trial on April 10, 2015. At the beginning of trial, the State moved to dismiss Count 2. Musgrove and McCarthy testified regarding the facts of the battery charge, and Officer Kesler testified regarding the facts of the intimidation charge. The State also introduced into evidence photographs of Wesley's sword and knife,

photographs of Musgrove's injuries, and the DVD of the Marsh store security video from the day of the crimes.

[7] Following the State's presentation of evidence, Wesley moved for a directed verdict on both counts, and the trial court denied the motion. Wesley then testified on his own behalf. Wesley admitted that he had swung a sword at Musgrove and that Musgrove's hand had been hit when he tried to block the sword. Wesley testified that he had pulled out his sword because Musgrove had pulled a gun on him and had threatened to shoot him. The trial court took the matter under advisement and, thereafter, issued an order, finding Wesley guilty as charged in Counts 1 and 3.

[8] Thereafter, the trial court imposed a four (4) year sentence, with eight (8) months executed in the Department of Correction and forty (40) months suspended to supervised probation for Wesley's Class C felony battery conviction, and it imposed a two (2) year suspended sentence for his intimidation conviction. The trial court ordered that the sentences were to run concurrently. The trial court also determined that Wesley had already served the executed time, and it ordered him to immediately start his supervised probation, obtain a mental health evaluation, and follow all treatment recommendations. Wesley now appeals his convictions.

## Decision

[9] Wesley argues that the evidence was insufficient to support his convictions for Class C felony battery and Class D felony intimidation.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[10] We first address Wesley's challenge to his battery conviction. At the time of Wesley's crime, the battery statute, INDIANA CODE § 35-42-2-1(a), provided that "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." The offense was determined to be a Class C felony if the battery was "committed by means of a deadly weapon[.]" I.C. § 35-42-2-1(a)(3). Thus, to convict Wesley for battery as charged, the State was required to establish that he "knowingly touch[ed]" Musgrove "in a rude, insolent, or angry manner" and that "said touching [was] committed with a deadly weapon, to wit: sword[.]" (App. 16).

[11] Wesley does not dispute that he touched Musgrove in a rude, insolent, or angry manner. Instead, he argues that there was insufficient evidence to show that he used a deadly weapon. Specifically, Wesley contends that "[t]he evidence presented was too vague to describe the weapon possessed by the Defendant to determine whether it was a deadly weapon." (Wesley's Br. 6).

[12] A "deadly weapon" is defined, in part, as "[a] destructive device, weapon, device, taser . . . , equipment, chemical substance, or other material that in the manner it . . . is used . . . could ordinarily be used . . . or is intended to be used . . . is readily capable of causing serious bodily injury." I.C. § 35-31.5-2-86(a)(2). Whether an object is a deadly weapon is determined by considering a description of the object, the manner of its use, and the circumstances of the case. *Davis v. State*, 835 N.E.2d 1102, 1112 (Ind. Ct. App. 2005), *trans. denied*. "Whether an object is a deadly weapon based on these factors is a question of fact." *Gleason v. State*, 965 N.E.2d 702, 708 (Ind. Ct. App. 2012) (citing *Miller v. State*, 500 N.E.2d 193, 197 (Ind. 1986)). "The original purpose of the object is not considered. Rather, the manner in which the defendant actually used the object is examined." *Id.* (citing *Timm v. State*, 644 N.E.2d 1235, 1238 (Ind. 1994)). Also, it does not matter if actual injuries were sustained by the crime victim, provided the defendant had the apparent ability to injure the victim seriously through his use of the object during the crime." *Id.* (citing *Miller,* 500 N.E.2d at 196-97).

[13] Contrary to Wesley's assertion, there is sufficient evidence to support the trial court's determination that the sword that Wesley used to touch Musgrove in a

rude or insolent manner was a deadly weapon. Here, the State introduced a photograph of the sword, and the evidence showed that Wesley became upset, drew his sword from his sheath, swung it at Musgrove, and jabbed at and struck him. After considering the testimony, exhibits, and the reasonable inferences surrounding the circumstances of Wesley's actions, the trial court, as trier of fact, determined that Wesley had committed battery by means of a deadly weapon. Wesley's argument is simply a request to reweigh the evidence and reassess the trial court's credibility determination, which we will not do. *See Drane*, 867 N.E.2d at 146. Accordingly, we affirm Wesley's Class C felony battery conviction.

[14] Turning to Wesley's challenge to his intimidation conviction, we note that, at the time of Wesley's offense, the intimidation statute provided that a defendant committed intimidation as a Class D felony when he communicated a threat to a law enforcement officer, with the intent that the officer be placed in fear of retaliation for a prior lawful act. I.C. § 35-45-2-1(a)(2), (b)(2)(B)(i). In order to convict Wesley of Class D felony intimidation as charged, the State was required to prove beyond a reasonable doubt that he communicated a threat to Officer Kesler with the intent to place him in fear of retaliation for a prior lawful act. To establish intimidation, the State must specifically identify a legal act by the victim and "establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act." *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997).

[15] It is not entirely clear what element, if any, that Wesley is challenging. He merely makes a general assertion that the State "failed to prove that the Police Officer was intimidated or even that any intimidation took place involving either officer present." (Wesley's Br. 5). At the same time, he does not deny that he threatened Officer Kesler or the fact that the threat was made in retaliation for a prior lawful act. Because Wesley has failed to make a cogent argument and failed to provide any citations to supporting authority, we conclude that he was waived any appellate challenge to this conviction. *See* Ind. Appellate Rule 46(A)(8)(a) (explaining that an argument must be supported by cogent argument and citations to authority); *see also Cooper v. State,* 854 N.E.2d 831, 834 n.1 (Ind. 2006) (deeming argument presented in "a two-sentence concluding paragraph . . . supported neither by cogent argument nor citation to authority" to be waived).

[16] Waiver notwithstanding, Wesley's argument is nothing more than a request to reweigh the evidence. Here, the evidence showed that the officers handcuffed and arrested Wesley and that he threatened to get a gun and kill Officer Kesler. From this evidence, the trial court could have reasonably determined that Wesley had communicated a threat to the officer in retaliation for being arrested. We will not reweigh the evidence or the trial court's determination. *See Drane*, 867 N.E.2d at 146. Accordingly, we affirm Wesley's Class C felony battery conviction.

[17] Affirmed.

Baker, J., and Bradford, J., concur.