James O. HENDRIX II, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A04–9209–CR–313.

Court of Appeals of Indiana,
Third District.

June 17, 1993.

Brian J. May, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

James O. Hendrix, II ("Hendrix") appeals his convictions on two counts of intimidation, Class D felonies.[1] Hendrix presents two issues for our review.

I. Whether the State produced sufficient evidence.

II. Whether the trial court properly applied Hendrix' cash bail to the cost of his appeal.

We affirm in part and reverse in part.

The facts most favorable to the verdict indicate that on the afternoon of August 24, 1991, Hendrix had been drinking before he arrived at Cora Robinson's home. When Hendrix became loud and boisterous, Mrs. Robinson asked him to leave. He refused. So, Mrs. Robinson called the police who arrived shortly after her call.

Two officers, Szymczak and Steiger, found Hendrix in the house cursing and acting belligerent. The officers told Hendrix to leave the house. Twice he left but always returned. On Hendrix' second return, Officer Steiger placed Hendrix under arrest. Hendrix struggled with the officers as they attempted to handcuff him—striking one of the officers in the face.

After being handcuffed and placed in the back of a squad car, Hendrix told Officer Szymczak that he was angry and that when he got the chance, he would blow Szymczak's head off. He repeated this threat several times and then described in detail how he would blow the officer's head off. Later, while Officer Steiger transported Hendrix to the police station, Hendrix told Steiger that if he ever saw either of the officers on the street again, he would shoot them.

Hendrix was convicted of battery and two counts of intimidation, class D felonies, and public intoxication, a class B misdemeanor.

I.

*Sufficiency of the Evidence*

Hendrix claims there was insufficient evidence to support his conviction for the two counts of intimidation. When reviewing a claim of insufficiency, we will not reweigh the evidence or judge the credibility of witnesses. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. We will consider the evidence which supports the verdict and the reasonable inferences to be drawn therefrom; if there is substantial evidence of probative value to support the verdict, it will be affirmed. *Id.*

To support a conviction for both counts of intimidation, the evidence must establish that Hendrix: (1) communicated a threat; (2) to another person; (3) who was a police officer; and (4) with the intent that the other person be placed in fear of retaliation for a prior lawful act. *Sayles v. State* (1987), Ind.App., 513 N.E.2d 183, *trans. denied.*

Hendrix argues the State did not prove beyond a reasonable doubt he intended to place the officers in fear of retaliation for arresting him. He points to his conviction for Public Intoxication, and concludes that his level of intoxication prevented him

---

1. IND.CODE 35–45–2–1 (1988). The statute provides, in relevant part, that: (a) A person who communicates a threat to another person, with the intent that ... (2) the other person be placed in fear of retaliation for a prior lawful act; ... commits intimidation, a ... (b) ... (1) Class D felony if ... (B) the person to whom the threat is communicated: (i) is a law enforcement officer....

from forming the requisite intent. Because intent is a mental function, it must be determined from a consideration of the defendant's conduct and the natural and usual consequences of such conduct, absent an admission from the defendant. *Metzler v. State* (1989), Ind., 540 N.E.2d 606, 609. To determine whether the defendant intended to commit the conduct, the trier of fact must usually resort to reasonable inferences based upon an examination of the surrounding circumstances. *Id.* Whether Hendrix' level of intoxication so impaired his mental faculties that he did not intend to place the officers in fear of retaliation is a question reserved for the trier of fact, and the conclusion will not be disturbed if substantial evidence of probative value exists. *McCaffrey v. State* (1988), Ind.App., 523 N.E.2d 435, 436.

■ The evidence most favorable to the verdict shows that Hendrix communicated with the police officers and followed their directions to leave the premises. He also struggled with the two officers before being handcuffed and exerted considerable physical force while doing so. Hendrix does not dispute that he made threats to both officers or that he was intoxicated. The testimony of Officers Steiger and Szymczak shows that Hendrix repeatedly threatened to kill them after being arrested and then, described in great detail how he would kill them. Sufficient evidence existed for the trier of fact to determine that Hendrix' mental faculties were not impaired when he made the threats, and that he intended to place the officers in fear of retaliation for arresting him. Sufficient evidence of probative value, therefore, existed to support the conviction for two counts of intimidation. We decline the invitation to reweigh the evidence and affirm the conviction.

**2.** The fees allowed are as follows: a $50.00 administrative fee *may* be retained pursuant to IC 35–33–8–3.1(a)(2); and a $5.00 fee *shall* be retained pursuant to IC 35–33–8–3.1(d)(2).

**3.** The "publicly paid costs of representation" is defined as "the portion of all attorney's fees,

## II.

### Cash Bail

■ Hendrix contends the trial court improperly applied his cash trial bail to the cost of his appeal. We agree. The function of bail is to insure the defendant's appearance at the trial court proceedings up to and including the disposition of the charges. A defendant who had complied with the terms of his cash trial bond is entitled to the return of such funds, less certain fees [2] and publicly paid costs of representation,[3] if any. IND.CODE 35–33–8–3.1 (Supp.1992). IC 35–33–8–3.1 sets the requirements for remission of a bail deposit and provides in relevant part:

(b) *Within thirty (30) days after disposition of the charges against the defendant,* the court that admitted the defendant to bail *shall* order the clerk to remit the difference, if any, between the amount of the deposit made under subsection (a)(2) (less the fees retained by the clerk) and the publicly paid costs of representation, if any, to the defendant....

(c) For the purposes of subsection (b), *"disposition" occurs when ... the defendant has been acquitted or convicted of the charges.* (Emphasis added.)

The purpose of the cash trial bail was fulfilled when Hendrix appeared at the trial court proceedings up to and including the disposition of the charges on April 16, 1992, when the jury found Hendrix guilty of the charges against him. IC 35–33–8–3.1 mandates the return of the cash trial bond to Hendrix within thirty days of April 16, less the aforementioned fees and costs, if any. IC 35–33–8–3.1 provides no authority for the trial court to apply cash bail to the future public costs of appellate representation.

■ The publicly paid costs of appellate representation are unknown and unascer-

expenses, or wages incurred by the county that are: (1) directly attributable to the defendant's defense; and (2) not overhead expenditures made in connection with the maintenance or operation of a governmental agency." IND. CODE 35–33–8–1.5 (1988).

tainable at the initiation of an appeal. A hearing to determine such cost within thirty days of the disposition of the defendant's case would be futile. Appellate attorney's fees are determined after the appeal has been concluded. *See, Nylen v. Park Doral Apartments* (1989), Ind.App., 535 N.E.2d 178, 185, *trans. denied.* The thirty day time limit mandated by IC 35–33–8–3.1(b) and the realities of appellate practice preclude the application of the cash trial bail to the publicly paid costs of appellate representation.

▆▆▆ Moreover, a convicted defendant is presumed guilty on appeal, and there is no state or federal constitutional right to bail pending appeal. *Tyson v. State* (1992), Ind., 593 N.E.2d 175, 177–78. While IND.CODE 35–33–9 *et seq.* (1988) and Ind. Appellate Rule 6(B) provide for bail pending appeal, neither provides for the recovery of the publicly paid costs of appellate representation from the bail funds.

The trial court erred when it applied Hendrix' bail to the future public costs of appellate representation. This use of the cash trial bail funds violated the thirty day time limit established in IC 35–33–8–3.1(b). The trial court is ordered to remit the bail deposit to Hendrix in accordance with IC 35–33–8–3.1.

Affirmed in part and reversed in part.

MILLER, J., concurs.

CHEZEM, J., dissents and files separate opinion.

### CHEZEM, Judge, dissenting.

I respectfully dissent from the majority opinion on Issue II. I agree with the majority that a defendant who has complied with the terms of his bail is entitled to the return of such funds, less fees and publicly paid costs of representation. However, I do not agree that the trial court improperly applied Hendrix's cash bail to the cost of his appeal.

It is important to note that Hendrix was represented at public expense during his trial *and* appeal. He posted a $1000 cash bond to be released from jail pending his trial, but he still received the benefit of public representation. IC 35–33–8–1.5 (Supp.1992) defines "publicly paid costs of representation" as "the portion of *all* attorney's fees, expenses or wages incurred by the county that are: (1) directly attributable to the defendant's defense...." The cost incurred by St. Joseph County for Hendrix's appeal is directly attributable to his defense.

The majority is correct to point out that under IC 35–33–8–3.1(b), the trial court shall order defendant's bail remitted, less fees and publicly paid costs of representation, within thirty days of disposition. The majority is also correct to point out that IC 35–33–8–3.1(c) states "disposition occurs when ... the defendant has been acquitted or convicted of the charges." However, the majority fails to point out that the thirty (30) day limit imposed by IC 35–33–8–3.1 is also the time limit imposed upon the defendant for initiating an appeal. See Ind. Appellate Rule 2(A).

Once the defendant files his praecipe for appeal within thirty (30) days of final judgment, his case is not finally disposed of until the appellate process is completed, via dismissal or decision. Ind. Appellate Rule 15(N); App.R. 11(B)(3). At that time the trial court can determine the publicly paid costs of representation, and must remit any remaining bail money to the defendant within thirty (30) days. I see nothing to indicate a legislative intent to limit the application of the statute to the trial level.

I would affirm as to Issue II.