## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 30 2015, 10:20 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Denny Brock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2015

Court of Appeals Case No.
36A01-1501-CR-32

Appeal from the Jackson Circuit Court

The Honorable Richard W. Poynter, Judge

Trial Court Cause No.
36C01-1312-FC-73

**Pyle, Judge.**

# Statement of the Case

Denny Brock ("Brock") appeals the trial court's order revoking his probation. On appeal, he argues that the trial court abused its discretion by revoking his probation because the State presented insufficient evidence that he had violated a term of his probation by committing another offense. Because the State showed by a preponderance of the evidence that Brock committed Level 6 felony intimidation against his wife, we affirm the trial court's order revoking his probation.

Affirmed.

# Issue

Whether the trial court abused its discretion by revoking Brock's probation.

# Facts

In December 2013, the State charged Brock with Count 1, Class C felony intimidation; Count 2, Class D felony intimidation; and Count 3, Class B misdemeanor battery. The State alleged that Brock had committed all of these crimes against his wife, Deborah Brock ("Deborah").

[4]     On March 18, 2014, Brock pled guilty to the Class D felony intimidation[1] charge in exchange for the dismissal of the remaining two charges. Brock's written plea agreement called for him to receive a three (3) year sentence, with one (1) year executed and two (2) years suspended to supervised probation. As for the executed portion of Brock's sentence, the plea agreement specified that Brock would serve 162 days in "the appropriate correctional facility" and then 203 days on "home detention as a direct commitment." (App. 36).

[5]     On April 8, 2014, the trial court held a sentencing hearing. The trial court sentenced Brock pursuant to the terms contained in the plea agreement; thus, it imposed a three (3) year sentence, with one (1) year executed and two (2) years suspended to supervised probation. Brock's standard conditions of probation included the requirement that he "must not commit another criminal offense." (App. 50). As a special condition of probation, the trial court ordered Brock to submit to anger management, mental health, and alcohol and drug programs and participate in any recommended treatment.

[6]     On July 3, 2014, Brock completed home detention and started his two-year probationary term. Three months later, on October 1, 2014, the State filed a notice of probation violation, alleging that Brock had violated the terms of his probation by committing a new criminal offense. Specifically, the State alleged

---

[1] IND. CODE § 35-45-2-1. We note that, under the legislature's comprehensive criminal law reform package, the intimidation statute was amended with an effective date of July 1, 2014. Under the new version of the intimidation statute, Class D felony intimidation is now a Level 6 felony.

that Brock had committed the crime of Level 6 felony intimidation against Deborah on September 18, 2014.[2]

[7] The trial court held a probation revocation hearing on December 11, 2014. During this hearing, the State presented Brock's probation officer and Deborah as witnesses and introduced Brock's terms of probation as an exhibit. Also, the trial court, pursuant to the State's request, took judicial notice of the sentencing order and probable cause affidavit from Brock's original intimidation case and the charging information and probable cause affidavit from Brock's new intimidation offense.[3]

[8] Brock's probation officer testified that he had three monthly meetings with Brock and that, during each meeting, Brock blamed Deborah for him being convicted and on probation. The probation officer also testified that Deborah called him on September 19, 2014, and reported that Brock appeared to be "somewhat unstable" and that he had made threats against her. (Tr. 9).

[9] When Deborah testified, she discussed multiple occasions when Brock had threatened her. She testified that, around September 18, 2014, she saw that Brock could not stand up or keep his eyes open. She saw that he had left open his safe where he kept his pills, and when she looked at his prescription bottle,

---

[2] Because Brock was alleged to have committed this offense after July 1, 2014, he was charged with intimidation as a Level 6 felony instead of a Class D felony.

[3] These judicially-noticed documents, with exception of the probable cause affidavit from Brock's original intimidation case, have not been included in the record on appeal. The underlying probable cause affidavit is in the record only because the State initially introduced it as an exhibit.

which was written for 120 pain pills, she saw that he had taken all but three or four of them within an eight day period. Deborah testified that, when she got home from work on September 18, 2014, Brock "yell[ed] and scream[ed]" at her and told her to call the police. (Tr. 17). Brock "dared [her] to call the police" for what he was "gettin' read[y] to do." (Tr. 17). Brock told her that the police were "not gonna do anything to [him]" and were "not gonna take him because he'[d] gotten everything legal." (Tr. 17, 19). Deborah testified that Brock then stated that he would "just kill" her after the police left. (Tr. 17). Deborah testified that Brock would frequently threaten her and say "all kinds of stuff" whenever he ran out of pills. (Tr. 30).

[10] Additionally, Deborah testified that Brock also threatened her so that she would not call the police on him. She testified that Brock told her that he was going to "kick [her] f*****g ass" and that she would be a "dead b**** if [she] d[id] it to [him] again[.]" (Tr. 18). She testified that this threat referred to his original intimidation case when she "called the police on December the twenty-seventh [2013] and had him picked up." (Tr. 19). Deborah testified that she was "scared" after he had threatened her. (Tr. 19). She also testified that Brock had, more than once, threatened to slice or cut her face, but she stated that he did not remember what he said "half the time[.]" (Tr. 20).

[11] At the end of Deborah's testimony, the trial court questioned Deborah to clarify her testimony regarding the threats that Brock had made against her. Upon questioning, Deborah confirmed that Brock's "specific threats" of "I'm going to kick your f*****g ass" and "You're a dead B**** if you do it to me again" were

in reference to Deborah previously calling the police in the original, underlying intimidation case, while the threats to cut and slice her face were "general comments[.]" (Tr. 30).

[12] After the State rested, Brock did not testify, present evidence, or otherwise challenge the contents of the charging information and probable cause affidavit that were judicially noticed.

[13] The trial court determined that the State had met its burden of showing that Brock had committed intimidation as alleged in the probation violation notice. The trial court revoked Brock's probation, ordered him to serve his previously suspended two-year sentence in the Department of Correction ("DOC"), and recommended he enroll in a DOC drug treatment program. Brock now appeals.

## Decision

[14] Brock challenges the trial court's determination that he violated probation by committing the criminal offense of intimidation against Deborah.

[15] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). We review a trial court's probation violation determination for an abuse of

discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* When reviewing a trial court's determination that a probation violation has occurred, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 955-56 (Ind. Ct. App. 2005), *trans. denied*.

[16] "When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation." *Johnson v. State*, 692 N.E.2d 485, 487 (Ind. Ct. App. 1998). Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 391 (Ind. Ct. App. 2004). Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton*, 984 N.E.2d at 617.

[17] Brock argues that there was not sufficient evidence to support the trial court's revocation of his probation. Specifically, he argues that the State failed to prove that he had committed a new criminal offense because it had not shown that he had the "requisite intent to commit the crime of intimidation." (Brock's Br. 4).

[18] INDIANA CODE § 35-45-2-1(a), provides that a person commits the crime of intimidation as a Class A misdemeanor when he "communicates a threat to

another person, with the intent: (1) that the other person engage in conduct against the other person's will; [or] (2) that the other person be placed in fear of retaliation for a prior lawful act[.]" This crime is a Level 6 felony when the person has previously committed the offense of intimidation against the same victim. I.C. § 35-45-2-1(b)(1)(C). "[I]ntent is a mental function," and "it must be determined from a consideration of the defendant's conduct and the natural and usual consequences of such conduct, absent an admission from the defendant." *Hendrix v. State*, 615 N.E.2d 483, 485 (Ind. Ct. App. 1993) (citing *Metzler v. State*, 540 N.E.2d 606, 609 (Ind. 1989)). "To determine whether the defendant intended to commit the conduct, the trier of fact must usually resort to reasonable inferences based upon an examination of the surrounding circumstances." *Id.*

[19] Although the trial court took judicial notice of the charging information for the new intimidation offense, Brock did not include this, or any other judicially-noticed, document in the record on appeal. Therefore, it is unclear if the State charged Brock with intimidation under subsection (a)(1) or (a)(2) or both. Nevertheless, it clear from the trial court's determination that it found by a preponderance of the evidence that Brock had committed intimidation based on subsection (a)(2). Specifically, the trial court stated:

> Well, I believe the allegations have been proven by a preponderance of the evidence. [Deborah's] testimony is pretty clear that . . . this Defendant was pretty angry for whatever reason. Of course when you're in a[n] intoxicated high[,] you don't have to be rational in your behavior. I mean, the question isn't whether or not [Brock] was acting rationally. The question

is what [Brock], how did he act. You know, in saying that "I'm going to kick your f*****g ass. You're a dead B**** if you do it to me again" referencing . . . the victim having called the police back in December for making threats, I think it's pretty clear it is intimidation under the statute. So, therefore, I am going to find by a preponderance of the evidence the allegations have been proven as alleged in the petition to revoke probation.

(Tr. 35-36). Thus, the trial court determined that Brock had communicated a threat to Deborah with intent to place her in fear for the prior lawful act of calling the police in December 2013.

[20] Brock's argument that "the evidence produced by the State tended to prove that Denny Brock was not capable of forming the requisite intent[,]" (Brock's Br. 6), is nothing more than a request to reweigh the evidence, which we will not do. Because the evidence was sufficient to show that Brock violated the terms of his probation by committing a new offense, we affirm the trial court's revocation of his probation.

[21] Affirmed.

Vaidik, C.J., and Robb, J., concur.