## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2016, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerimia J. Heffner,
*Appellant-Defendant*,

v.

State of Indiana,
*Appellee-Plaintiff*.

March 9, 2016

Court of Appeals Case No.
02A03-1508-CR-1145

Appeal from the Allen Superior Court

The Honorable Samuel Keirns, Magistrate

Trial Court Cause No.
02D04-1502-F5-52

**Brown, Judge.**

[1] Jerimia J. Heffner appeals his conviction for intimidation as a level 6 felony. Heffner raises one issue, which we revise and restate as whether the evidence is sufficient to sustain his conviction. We affirm.

*Facts and Procedural History*

[2] At approximately 11:20 p.m. on February 21, 2015, New Haven Police Officer James Krueger was dispatched to a residence in Allen County, Indiana, and when he arrived at the scene he observed T.H. standing outside with her son. Officer Krueger noticed that T.H. appeared to be extremely scared, that she was not wearing any shoes, and that she was wearing shorts although it was eighteen degrees outside. Officer Krueger determined that Heffner was inside the house and had locked out T.H. and her son. He knocked on the door and identified himself as police, and Heffner told him to "f--- off." Transcript at 18. T.H. informed Officer Krueger that she and Heffner had been separated and that she had been sleeping when Heffner barged in the house, threatened to hit her, and, while she was in bed, punched her in the hip. Other officers arrived, and Heffner eventually opened the door and let the officers and T.H. and her son inside. After speaking with T.H. and Heffner, the police made the decision to arrest Heffner for domestic battery.[1] When Officer Krueger approached Heffner, Heffner told him that he "better get ready for a fight and that [he]

---

[1] When asked if the police department had a policy relating to domestic arrests involving domestic battery, Officer Krueger replied affirmatively and testified that "[i]f probable cause is established there should be an arrest made," and when asked to clarify, he testified "[w]hen you have the belief that a crime took place." Transcript at 22.

better get [his] taser out and tase him or just shoot him," and stood in an "offensive position with his . . . fists up." *Id.* at 23. Officer Krueger was eventually able to talk Heffner into wearing handcuffs and voluntarily entering the front seat of his police vehicle, where Heffner's actions were video and audio recorded.

[3] While Officer Krueger was fastening Heffner's seatbelt, Heffner stated that he would see him in the "club" where he would "hang out at." State's Exhibit at 1 at 1:07-1:15. On the way to the hospital, Heffner asked Officer Krueger if he felt "good about what [he] did tonight" to which Officer Krueger responded affirmatively. Heffner said, "You made a bad decision . . . you know that, right? You made a bad decision." *Id.* at 5:48-6:03. He repeated that the officer made "a bad decision" several times. *Id.* at 6:10-6:30.

[4] When they arrived at the hospital, Heffner "said that he'll be out of jail soon and when he gets out of jail he'll see [Officer Krueger] in public." Transcript at 26. Heffner "said when he sees [Officer Krueger] in public," pointed to his shoes, and stated "[y]ou see these size 10's, they're going to go up your a--." *Id.* at 26-27. He then told Officer Krueger that "as soon as he gets out of jail he knows there will be a no contact order against him and [T.H.]," that "he's going to intentionally violate that no contact order and go back" to the residence, and that "he'll be waiting for [Officer Krueger] with his shotgun." *Id.* at 27. Officer Krueger asked Heffner if he was threatening to shoot him with his shotgun, and Heffner replied, "I'm not threatening, I promise." *Id.*

On February 26, 2015, the State charged Heffner with battery as a level 5 felony, two counts of domestic battery as level 6 felonies, intimidation as a level 6 felony, and battery as a level 6 felony. Prior to trial, the State filed a motion to dismiss all of the charges except the charge of intimidation as a level 6 felony, and the court granted the State's motion. Following a jury trial, at which the State presented the testimony of Officer Krueger and the video and audio recording showing Heffner's actions and comments while seated in the police vehicle, and the prosecutor argued that the arrest of Heffner was a prior lawful act, the jury found Heffner guilty of intimidation as a level 6 felony. The court sentenced him to an executed term of one year and 183 days.

## *Discussion*

The issue is whether the evidence is sufficient to sustain Heffner's conviction for intimidation as a level 6 felony. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh'g denied*. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id*. The conviction will be affirmed if there exists evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id.*

The offense of intimidation is governed by Ind. Code § 35-45-2-1, which provides in part that "[a] person who communicates a threat to another person, with the intent . . . that the other person be placed in fear of retaliation for a prior lawful act . . . commits intimidation, a Class A misdemeanor." Ind. Code

§ 35-45-2-1(a). The offense is a level 6 felony if the person to whom the threat is communicated is a law enforcement officer. Ind. Code § 35-45-2-1(b)(1)(B)(i). A "threat" is defined in part as "an expression, by words or action, of an intention to . . . unlawfully injure the person threatened or another person [or] commit a crime. . . ." Ind. Code § 35-45-2-1(d). The State alleged that Heffner "did communicate a threat to J. Krueger, a law enforcement officer, with the intent that J. Krueger be placed in fear of retaliation for a prior lawful act, to wit: the arrest of the defendant . . . ." Appellant's Appendix at 14.

[8] Intent is a mental function that must be determined from a consideration of the defendant's conduct and the natural and usual consequences of such conduct, absent an admission from the defendant, and to determine whether the defendant intended to commit the conduct, the trier of fact must usually resort to reasonable inferences based upon an examination of the surrounding circumstances. *Hendrix v. State*, 615 N.E.2d 483, 485 (Ind. Ct. App. 1993).

[9] Heffner contends that his threat did not place Officer Krueger in fear of retaliation and "[i]t was meant to keep [Officer Krueger] from coming to his home . . . once [he] is released from custody and returns there in violation of an anticipated protective order." Appellant's Brief at 11. He argues that it is clear that his statements "which can be construed to be threats were aimed at the future conduct of Officer Krueger." *Id.* at 13. He also argues that his statements, "especially the one to which the most attention was paid and which gave Officer Krueger the most concern, was only conditioned upon him

showing back up at Mr. Heffner's home in the future" and that "[t]hus, they did not place Officer Krueger in fear of retaliation for a prior lawful act." *Id.* at 14.

[10] The State maintains that the evidence is sufficient to sustain Heffner's conviction and that his threat was not contingent on Officer Krueger's future action but rather was a threat or promise based on the lawful arrest already completed. The State notes that Heffner told Officer Krueger that he had made a bad mistake after Officer Krueger arrested him, he later told Officer Krueger that when he saw him in the street he would physically harm him, that Heffner then immediately described a plan to lure Officer Krueger back to his property by intentionally violating any protective order whereupon he would shoot him with a shotgun, and that it would be reasonable for the jury to conclude that the threat was made in retaliation for Officer Krueger arresting Heffner and not some future act.

[11] As Heffner correctly notes, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. *See Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997). Heffner does not argue that his arrest did not constitute a prior lawful act or that Officer Krueger was not a law enforcement officer. The evidence most favorable to the verdict demonstrates that Heffner communicated a threat to Officer Krueger with the intent that he be placed in fear of retaliation for the prior lawful act of placing Heffner under arrest. After Officer Krueger placed him under arrest, Heffner told him that he would see him in the club, and where he would "hang out." State's Exhibit at 1 at 1:07-1:15. He also asked

the officer if he felt "good about what [he] did tonight" and told him: "You made a bad decision . . . you know that, right? You made a bad decision." *Id.* at 5:48-6:03. Heffner also said that "he'll be out of jail soon and when he gets out of jail he'll see [Officer Krueger] in public," pointed to his shoes, and stated "[y]ou see these size 10's, they're going to go up your a--." Transcript at 26-27. He then said that he would intentionally violate any no contact order, return to the residence where T.H. lived, and would be "waiting for [Officer Krueger] with his shotgun." *Id.* at 27. Officer Krueger asked if Heffner was threatening to shoot him with his shotgun, and Heffner responded: "I'm not threatening, I promise." *Id.*

[12] The jury was not required to find that Heffner's statements to Officer Krueger constituted, as argued by Heffner, threats "aimed at the future conduct of Officer Krueger." Appellant's Brief at 13. A reasonable trier of fact could find that Heffner communicated threats, which were close in time to his arrest, with the intent that Officer Krueger be placed in fear of retaliation for placing him under arrest and that the threats were not contingent on Officer Krueger's future action.[2] Based upon the record, we conclude that the State presented evidence of a probative nature from which the jury as the trier of fact could find

---

[2] To the extent Heffner cites *Causey v. State* in support of his argument, we note that in *Causey* the defendant opened the door and yelled: "[G]et off my property. You don't belong on my property. If you come any closer I'll shoot." *Causey v. State* (filed November 20, 2015), Ind. App. No. 49A02-1503-CR-185, slip op. at 1. This court held that the defendant's threat did not relate to a prior lawful act but rather to the officers' future acts. *Causey v. State* (filed November 20, 2015), Ind. App. No. 49A02-1503-CR-185, slip op. at 3. Unlike in *Causey*, the jury here could reasonably determine that Heffner's threats related to Officer Krueger's prior lawful act of placing him under arrest, and thus we find *Causey* distinguishable.

beyond a reasonable doubt that Heffner committed the crime of intimidation as a level 6 felony. *See Dennis v. State*, 736 N.E.2d 300, 301-304 (Ind. Ct. App. 2000) (holding the evidence was sufficient to support the defendant's felony conviction for intimidation where the defendant threatened to kill two police officers after being arrested and described in detail the manner in which he would do so, and one of the officers testified that her understanding was that the defendant "would call some time and we would come back and he would get us for some reason. For this arrest"), *reh'g denied*; *Hendrix*, 615 N.E.2d at 484-485 (holding that the evidence was sufficient to support the defendant's felony convictions for intimidation and to show that he threatened police officers with the intent that they be placed in fear of retaliation for arresting him).

## *Conclusion*

[13] For the foregoing reasons, we affirm Heffner's conviction for intimidation as a level 6 felony.

[14] Affirmed.

Kirsch, J., and Mathias, J., concur.