**FILED**

Feb 24 2017, 10:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Jessica A. Wegg
Jonathan C. Little
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Emmett Reece Sandoval, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 24, 2017 <br><br> Court of Appeals Case No. <br> 21A01-1609-CR-2027 <br><br> Appeal from the Fayette Circuit Court <br><br> The Honorable Beth A. Butsch, Judge <br><br> Trial Court Cause No. <br> 21C01-1511-F5-910 |

**Baker, Judge.**

On November 13, 2015, the State charged Sandoval with Level 5 felony sexual misconduct with a minor. Bail was set at $20,000 cash or surety, with 10% to the clerk. On December 19, 2015, Sandoval's grandfather posted the $2,000 bond on Sandoval's behalf. On May 27, 2016, Sandoval pleaded guilty as charged. At the August 9, 2016, sentencing hearing, the trial court sentenced Sandoval to four years imprisonment with two years suspended to probation. The trial court also ordered that court costs in the amount of $183 and an initial probation user fee in the amount of $50 be deducted from the bond, leaving a balance of $1,717. The trial court ordered that the balance of the bond was to be held in trust to be applied towards possible future appellate public defender fees.[1] Sandoval now appeals.

The State asks that we find that Sandoval has invited any error and/or waived this argument. We decline to resolve this appeal by way of invited error—because we do not believe that the transcript clearly indicates that Sandoval assented to this use of his bond—or by way of waiver—because a claim that a trial court violated its statutory authority in imposing a sentence may be raised for the first time on appeal. *Edsall v. State*, 983 N.E.2d 200, 208 (Ind. Ct. App. 2013).

The State also argues that this appeal is moot because Sandoval has not retained an appellate public defender to pursue this appeal. Initially, we note

---

[1] Sandoval was represented by private counsel, not by a public defender, during the criminal proceedings below.

that the trial court was aware that Sandoval did not intend to use a public defender on appeal but has still not released the bond money to Sandoval. Reply Br. p. 7. Furthermore, we find that this issue is a matter of great importance that is likely to recur, so we choose to address it. *Horseman v. Keller*, 841 N.E.2d 164, 170 (Ind. 2006).

[4] It has been expressly held by this Court in the past that a trial court may not hold a portion of a criminal defendant's bond money in trust to be used toward public defender fees not yet incurred. *Hendrix v. State*, 615 N.E.2d 483, 485 (Ind. Ct. App. 1993). Indeed, the statutes governing the ways in which posted bonds may be managed do not anticipate the occurrence of this practice. Ind. Code §§ 35-33-8-3.2(a)(2), -7. It was error for the trial court to hold the balance of Sandoval's bond in trust for future potential public defender fees not yet incurred.

[5] The judgment of the trial court is reversed and remanded with instructions to the clerk of the Fayette County Court to return the balance of Sandoval's bond immediately.

Mathias, J., and Pyle, J., concur.