## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 27 2020, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Devone Dailey, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 27, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-429 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow Davis, Judge <br><br> Trial Court Cause No. <br> 49G16-1806-F6-19249 |

**Pyle, Judge.**

# Statement of the Case

Eric Devone Dailey ("Dailey") appeals, following a jury trial, his conviction of Level 6 felony intimidation.[1] Dailey argues that the evidence is insufficient to support his conviction. Concluding that the evidence is sufficient, we affirm Dailey's intimidation conviction.

We affirm.

# Issue

> Whether there is sufficient evidence to support Dailey's intimidation conviction.

# Facts

In June 2018, Dailey and E.R.M. ("E.R.M.") had been dating for three years and lived together. When E.R.M. returned to their home on June 1, 2018, Dailey confronted her outside the home and accused her of having a sexual relationship with another man. Dailey threw E.R.M. against her truck and placed his arm over her neck and chest, causing E.R.M. to have difficulty breathing. When E.R.M. threatened to call the police, Dailey attempted to take her phone but could not reach it. Dailey then fled from the scene. When E.R.M. entered her home, Dailey telephoned her three times and threatened to

---

[1] IND. CODE § 35-45-2-1. The jury also convicted Dailey of Class A misdemeanor domestic battery. *See* I.C. § 35-42-2-1.3. However, Dailey does not appeal the domestic battery conviction.

kill her during one of the calls. E.R.M. called the police and went to the hospital the following morning because she had chest pains.

[4] The State charged Dailey with Level 6 felony intimidation, Class A misdemeanor domestic battery, Level 6 felony strangulation, and Class A misdemeanor interference with the reporting of a crime. The information charging Dailey with intimidation alleged that: "On or about June 1, 2018, [Dailey] did communicate a threat to commit a forcible felony, to-wit: to kill [E.R.M.] . . . with the intent that [E.R.M.] engage in conduct against the will of said other person, to-wit: not call the police." (App. Vol. 2 at 85).

[5] At Dailey's jury trial, during closing argument, the State argued as follows:

> [Dailey] also committed the crime of intimidation. When he called [E.R.M.] to tell her he was going to kill her, he did that after she said she was going to call the police. And she said that after he [had] attacked her. He told her that to place her in fear so she wouldn't call the police. There's no other reasonable interpretation of that. There's a clear link from what happened that day to him making that threat. He wanted to place her in fear so she wouldn't call for help and that is the crime of intimidation.

(Tr. Vol. 2 at 145).

[6] A jury convicted Dailey of Level 6 felony intimidation and Class A misdemeanor domestic battery and acquitted him of Level 6 felony strangulation and Class A misdemeanor interference with the reporting of a crime. Dailey appeals the intimidation conviction.

# Decision

Dailey argues that there is insufficient evidence to support his conviction for Level 6 felony intimidation. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

INDIANA CODE § 35-45-2-1(a)(1) provides that "[a] person who communicates a threat with the intent that another person engage in conduct against the other person's will" commits Class A misdemeanor intimidation. The offense is a Level 6 felony if the threat is to commit a forcible felony. I.C. § 35-45-2-1(b)(1)(A). Therefore, to convict Dailey of Level 6 felony intimidation, the State was required to prove beyond a reasonable doubt that Dailey communicated a threat to E.R.M. to commit a forcible felony with the intent to cause E.R.M. to refrain from contacting the police.

Dailey does not deny that he threatened to kill E.R.M. Rather, his sole argument is that there is insufficient evidence of his intent because he never specified the reason for his threat. Intent may be proven by circumstantial evidence. *McCaskill v. State*, 3 N.E.3d 1047, 1050 (Ind. Ct. App. 2014). Intent can be

inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Id.* To determine whether the defendant intended to commit the conduct, the trier of fact must usually resort to reasonable inferences based on an examination of the surrounding circumstances. *Hendrix v. State*, 615 N.E.2d 483, 485 (Ind. Ct. App. 1993). We will not reverse a conviction that rests in whole or in part on circumstantial evidence unless we can state as a matter of law that a reasonable person could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *McCaskill*, 3 N.E.3d at 1050.

[10] In the *McCaskill* case, McCaskill had engaged in a sexual relationship with Matlock's husband for two years when McCaskill telephoned Matlock and threated her. The State charged McCaskill with Class A misdemeanor intimidation and alleged in the charging information that McCaskill had threatened Matlock "with the intent that [Matlock] engage in conduct against her will, namely to leave her husband and/or cause her husband to leave her." *Id.* at 1049. A jury convicted McCaskill of intimidation, and she appealed.

[11] On appeal, McCaskill, like Dailey, did not deny that she had threatened Matlock. Rather, she argued, as does Dailey, that there was insufficient evidence of her intent because she had never specified the reason for her threats against Matlock. The State responded that because McCaskill and Matlock did not have a relationship other than through Matlock's husband, McCaskill's aim must have been for Matlock to leave her husband. However, this Court

explained that "because the events leading up to the threats [were] not a part of the record and McCaskill never clarified her reasons for the threats, [the State's argument was] pure speculation." *Id*. This Court concluded that the State's reasoning for McCaskill's threat was not a logical inference from the evidence. Specifically, this Court explained that "[i]n light of the long-standing nature of McCaskill's relationship with [Matlock's husband] and the lack of evidence that McCaskill ha[d] threatened Matlock with the intent to make her leave [her husband] in the past, it [was] not clear why McCaskill would suddenly begin to threaten Matlock with that aim." *Id.* at 1051. Accordingly, this Court held that there was insufficient evidence to support McCaskill's Class A misdemeanor intimidation conviction and reversed it. *Id.*

[12]    However, the facts in *McCaskill* are distinguishable from the facts in this case. Here, the State presented evidence of the events leading up to the threat. Specifically, our review of the evidence reveals that Dailey threw E.R.M. against her truck and placed his arm over her neck and chest, causing E.R.M. to have difficulty breathing. When E.R.M. threatened to call the police, Dailey attempted to take her phone but could not reach it. Dailey then fled from the scene. When E.R.M. entered her home, Dailey telephoned her three times and threatened to kill her during one of the calls. We agree with the State that "it is a reasonable inference that Dailey threatened to kill E.R.M. to prevent her from calling the police to report the battery after he failed to steal her phone and thereby prevent her from calling the police earlier." (State's Br. 8-9). This

evidence is sufficient evidence to support Dailey's Level 6 intimidation conviction.

[13] Affirmed.

Bradford, C.J., and Baker, Sr.J., concur.