

FILED
Nov 20 2015, 8:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyrone Causey, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 20, 2015 <br><br> Court of Appeals Case No. <br> 49A02-1503-CR-185 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Cook Crawford, Judge <br><br> Trial Court Cause No. <br> 49F09-1401-FD-2850 |

**Baker, Judge.**

[1] Tyrone Causey appeals his conviction for Intimidation,[1] a Class D felony. Finding insufficient evidence to support this conviction, we reverse.

## Facts

[2] At about 2:00 a.m. on January 19, 2014, an anonymous woman called the police to report a disturbance at Causey's residence in Indianapolis. Officers Juanita Wilkins and Michael Faulk were dispatched to investigate the situation. Upon arriving and approaching the front porch, the officers noticed that the glass on the outer storm door was broken. The officers listened for any sounds coming from inside the residence but could not hear anything. They then knocked on the door.

[3] Causey opened the door and the officers asked him to step outside and speak with them. Causey stated that everything was fine and that the officers had no business there and slammed the door shut. The officers knocked again. This time, when Causey answered, the officers asked him if they could come inside to see if there was someone who might need help. Causey told the officers that he was there by himself and again told them that they had no business there. Causey then stated "you won't take me alive," and slammed the door. Tr. p. 120. The officers went back to their vehicles and called for backup.

---

[1] Ind. Code § 35-45-2-1. Our criminal code was revised effective July 1, 2014. We cite the provision of the code as it existed on the date Causey committed the alleged offense.

[4] While the officers waited for backup to arrive, Causey opened the door and yelled: "[G]et off my property. You don't belong on my property. If you come any closer I'll shoot." *Id.* at 121-22. Sergeant Steve Rivers arrived a few minutes later and spoke with Officers Wilkins and Faulk. As the three spoke, Causey again opened the door and began yelling in an unintelligible manner. Sergeant Rivers later testified that, although he could not understand what Causey was saying, he recalled hearing the words "shoot" and "kill." *Id.* at 200. Sergeant Rivers then called in a SWAT team out of concern that Causey may have been holding somebody hostage.

[5] Prior to the SWAT team's arrival, Causey's fiancée, Ashley Jones, arrived at the residence with her three-year-old son. Jones told the officers that Causey was the only one inside, but the officers informed her that it was a hostage situation and prevented her from entering. The SWAT team, which was composed of about twenty people and one robot, eventually entered the residence and arrested Causey, who was alone in the house.

[6] The State charged Causey with class D felony intimidation, class B misdemeanor disorderly conduct, and alleged that he was an habitual offender. Following a jury trial, Causey was convicted of class D felony intimidation.[2] The trial court sentenced him to 545 days, with 180 days executed on home detention and 365 days on probation. Causey now appeals.

---

[2] Prior to trial, the State dismissed the disorderly conduct charge and, following trial, the trial court found that Causey was not an habitual offender.

# Discussion and Decision

[7] On appeal, Causey argues that the evidence is insufficient to support his conviction. When reviewing a claim for insufficient evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Ransley v. State*, 850 N.E.2d 443, 445 (Ind. Ct. App. 2006). We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Id.* We will affirm if substantial evidence of probative value supports the trier of fact's conclusion. *Id.*

[8] Our intimidation statute provides:

> (a)    A person who communicates a threat to another person, with the intent:
>
>> (1)    that the other person engage in conduct against the other person's will; [or]
>>
>> (2)    that the other person be placed in fear of retaliation for a prior lawful act . . .
>
> commits intimidation, a Class A misdemeanor.

I.C. § 35-45-2-1. The offense is raised to a class D felony if the threat is communicated to a law enforcement officer. *Id.*

[9] In this case, the State charged Causey as follows:

> On or about January 19, 2014, in Marion County, State of Indiana, the following named defendant Tyrone Causey, did

communicate a threat to Juanita Wilkins and/or Michael Faulk, a law enforcement officer with the Indianapolis Police Department, said threat being: to shoot the officers, with the intent that said officer be placed in fear of retaliation for a prior lawful act, to wit: responding to a disturbance run at 3438 Leatherbury Lane.

Appellant's App. p. 23.

[10] Causey argues that the State presented insufficient evidence from which a reasonable jury could find that he intended to place the officers in fear of retaliation for having responded to a disturbance. Rather than intending to place the officers in fear of retaliation for a prior lawful act, Causey maintains that he was attempting to prevent the officers from taking future action. He points out that his statement—"If you come any closer I'll shoot"—was directed toward the officers' potential future acts, rather than any prior lawful ones. Tr. p. 122.

[11] We agree. Here, the State charged Causey with intimidation under Indiana Code section 35-45-2-1(a)(2). To find Causey guilty under this statute, the State had to prove that (1) Causey communicated a threat to the officers (2) with the intent that they be placed in fear of retaliation for a prior lawful act. *Gaddis v. State*, 680 N.E.2d 860, 861 (Ind. Ct. App. 1997). In *Casey v. State*, we examined this language of the intimidation statute and concluded the following: "[I]t is apparent that the legislature intended to require the State to prove that the victim had engaged in a prior act, which was not contrary to the law, and that

the defendant intended to repay the victim for the prior lawful act." 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997).

[12] Accordingly, this Court has held that statements that are "conditional and aimed at future, rather than past, conduct," will not support a finding that the defendant intended to place the victim in fear of retaliation for prior acts. *C.L. v. State*, 2 N.E.3d 798, 801 (Ind. Ct. App. 2014) (discussing *Ransley*, 850 N.E.2d 443). Here, rather than being aimed at the officers' prior acts, Causey's statement was conditional, resembling the statement at issue in the seventeenth century English case of *Tuberville v. Savage*, where one party had warned another: "If it were not assize-time, I would not take such language from you." (1669) 86 Eng. Rep. 684 (K.B.) 1 Mod. Rep. 3 (holding that such a statement was not an assault).

[13] The State is correct to point out that intent must often be proven by circumstantial evidence and that the "fact finder is entitled to infer intent from the surrounding circumstances." *Hightower v. State*, 866 N.E.2d 356, 368 (Ind. Ct. App. 2007). However, such inferences must be reasonable and drawn from evidence which is probative of the defendant's intent as to a particular act. Here, a jury could only infer that Causey's threat related to the officers' prior acts if it ignored the plain meaning of the words Causey spoke—"If you come any closer I'll shoot." Tr. p. 122. Such an inference would not be reasonable.

[14] The State next argues that Causey "ignores the surrounding circumstances," including his "other statements during his interaction with police." Appellee's

Br. p. 8-9. The State points out that Causey "was angry and agitated from the time of first contact," that he "stated that the officers had no right to be there," and that he "told the officers that they were not going to enter his apartment." *Id.* at 9. The State argues that these words and actions are evidence of Causey's "intent to harm the officers in retaliation for their presence at his residence and their investigation." *Id.* The State believes that Causey's statement—"If you come any closer I'll shoot"— is "only a narrow piece of evidence" and it criticizes Causey for putting undue emphasis on it. Appellee's Br. p. 8.

We are not sure what the State means by this. The intimidation statute criminalizes threats made with a certain intent. I.C. § 35-45-2-1. Thus, for purposes of the intimidation statute, the threat is the *actus reus* of the crime. *Id.* Just as one would not characterize a defendant's act of killing another as "only a narrow piece of evidence" in a murder trial, one would not so characterize a threat in the intimidation context. Appellee's Br. p. 8.

To the extent that the State is arguing that another threat was made in this case, it has not identified this threat, and we find no other threats in the record. Assuming that the State may wish to characterize Causey's unintelligible rant following Sergeant Rivers's arrival as a threat, we do not believe that sufficient evidence would support this characterization. The intimidation statute defines "threat" as "an expression, by words or action," of an intention to, among other things, "unlawfully injure the person threatened or another person." I.C. § 35-45-2-1. As to Causey's rant, Sergeant Rivers testified: "I recall hearing the

words shoot and kill and a lot of profanities, but as far as exactly what was said, I don't recall." Tr. p. 210.

[17] We cannot hold that such a vague and uncertain description of a statement constitutes sufficient evidence that the statement is a "threat" for intimidation purposes. While the words "shoot" and "kill" may relate to injury, they do not necessarily relate to unlawful injury, as would be required to constitute a "threat" under the statute. I.C. § 35-45-2-1. Furthermore, even if such language could be construed as a threat, there is no indication that it did not relate to the officers' future acts, as had Causey's earlier statement.

[18] In sum, the State failed to present sufficient evidence from which a jury could find beyond a reasonable doubt that Causey communicated a threat to the officers that was intended to place them in fear of retaliation for responding to a call at his residence. While Causey threatened the officers, who were indeed responding to a call at his residence, we have previously held that:

> [M]ere proof that the victim is engaged in an act which is not illegal at the time the threat is made is not sufficient. Rather, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act.

*Casey*, 676 N.E.2d at 1072. To hold otherwise would effectively do away with the statute's intent element, as victims can always be said to be engaged in some form of lawful act.

[19]     As a general matter, we agree that one should not threaten a police officer. However, such behavior, in and of itself, does not constitute intimidation as defined by the statute. Here, the State has not clearly identified what it believes Causey's threat to be, nor has it pointed to evidence indicating that this threat was made with the required intent. "Due process requires that a penal statute clearly define the prohibited conduct so that it provides adequate and fair notice as to what precisely is proscribed." *George v. NCAA*, 945 N.E.2d 150, 154 (Ind. 2011). Accordingly, penal statutes are to be strictly construed. *Id.* The State's argument that we must look to the totality of the circumstances in this case appears to be little more than a request that we ignore this principle.

[20]     The judgment of the trial court is reversed.


Bailey, J., and Mathias, J., concur.