ATTORNEYS FOR APPELLANT
Ruth Ann Johnson
Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 12 2016, 10:42 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S02-1607-CR-372

VICTOR ROAR,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F09-1404-FD-18644
The Honorable Barbara Cook Crawford, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1506-CR-506

**July 12, 2016**

**Per Curiam.**

Victor Roar was convicted of class A misdemeanor intimidation after the property manager of his sister's apartment left an eviction notice on his sister's door, and Roar told the property manager, "if [the property manager] came back on the property, he'd kill [her]."

Roar contended the evidence was insufficient to support his conviction. Specifically, he argued that his statement was conditional, and not a threat to retaliate for a prior lawful act, because the statement concerned future, rather than past, conduct (namely, the manager coming "back on the property" in the future). Rejecting its prior precedent in C.L. v. State, 2 N.E.3d 798 (Ind. Ct. App. 2014), the Court of Appeals affirmed the trial court. *See* Roar v. State, ___ N.E.3d ___, 2016 WL 1593880, at *2 (Ind. Ct. App. April 21, 2016). The majority concluded that the State had presented sufficient evidence that Roar's threat was made "with the intent . . . that [the manager] be placed in fear of retaliation for a prior lawful act" as required by the intimidation statute, Indiana Code section 35-45-2-1(a). Id. at *2.

We agree with Judge Najam's analysis and the result reached by the Court of Appeals majority in the present appeal. We therefore grant transfer, adopt and incorporate by reference that portion of the Court of Appeals' opinion addressing the sufficiency of the evidence in accordance with Indiana Appellate Rule 58(A)(1), and affirm the trial court. We summarily affirm that part of the Court of Appeals' opinion addressing the admission of other evidence. *See* App. R. 58(A)(2).

All Justices concur.