## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2017, 11:09 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2017

Court of Appeals Case No.
49A02-1612-CR-2821

Appeal from the Marion Superior Court

The Honorable William Nelson, Judge

Trial Court Cause No.
49G18-1507-F6-25672

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, Michael Johnson was convicted of intimidation, a Level 6 felony; sexual battery, a Level 6 felony; battery, a Class B misdemeanor; public intoxication, a Class B misdemeanor; and disorderly conduct, a Class B misdemeanor. On appeal, Johnson challenges his convictions for sexual battery and intimidation, raising one issue for our review: whether the evidence is sufficient to support his convictions. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

Tonya Anderson is a certified nursing assistant working in home healthcare. On July 18, 2015, Anderson went to David Britton's home where she assists him with food preparation, taking medicine, and putting on clothes. When Anderson arrived, Britton and his friend, Steven Orman, were sitting on Britton's front porch.

Shortly thereafter, Michael Johnson, a neighbor from across the street, approached them. Johnson carried a half-empty bottle of liquor and smelled strongly of alcohol. Britton did not want Johnson on his porch and Anderson told Johnson that "David doesn't want you up here . . . ." Transcript, Volume 2 at 10. Johnson told Anderson "F you B . . . don't worry about this stuff . . . it's not none of your business . . . ." *Id.* Johnson was "totally drunk" and when Anderson threatened to call the police, Johnson responded he would "burn

down the house" and "kill [her] and David if the police showed up . . . ." *Id.* at 11-12. Eventually, Anderson called the police, who escorted Johnson back to his home with orders to remain there.

[4] Immediately after the police departed, Johnson returned to Britton's home. Anderson told Johnson to leave and that she was going to call the police. Johnson again threatened to "burn the house down . . . ." *Id.* at 16. Johnson then climbed up on the porch, pushed Anderson against the wall, and put one hand around her neck. Johnson then placed his other hand up her dress and on her vagina, saying, "B you know you like this." *Id.* at 17. Anderson then pushed Johnson away. The police returned and arrested Johnson.

[5] The State charged Johnson with intimidation, a Level 6 felony; sexual battery, a Level 6 felony; battery, a Class B misdemeanor; public intoxication, a Class B misdemeanor; and disorderly conduct, a Class B misdemeanor. A jury found Johnson guilty as charged and the trial court sentenced Johnson to an aggregate sentence of 910 days. Johnson now appeals.

# Discussion and Decision

## I. Standard of Review

[6] Johnson's arguments challenge the sufficiency of the evidence to support his convictions. Our standard of review for sufficiency of the evidence claims is well-settled:

First, we neither reweigh the evidence nor judge the credibility of witnesses. Second, we consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. . . . [W]e consider conflicting evidence most favorably to the [verdict].

*Willis v. State*, 27 N.E.3d 1065, 1066-67 (Ind. 2015) (citations and quotations omitted).

## II. Sexual Battery

Johnson argues the evidence is insufficient to support his conviction for sexual battery. Indiana's sexual battery statute provides, in pertinent part,

A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person:

(1) touches another person when that person is:

(A) compelled to submit to the touching by force or the imminent threat of force;

* * *

commits sexual battery, a Level 6 felony.

Ind. Code § 35-42-4-8(a)(1)(A). The element of force may be implied from the circumstances and need not be physical or violent. *Scott-Gordon v. State*, 579 N.E.2d 602, 604 (Ind. 1991). Moreover, "it is the victim's perspective, not the assailant's, from which the presence or absence of forceful compulsion is to be

determined." *Tobias v. State*, 666 N.E.2d 68, 72 (Ind. 1996). The test is a "subjective test that looks to the victim's perception of the circumstances surrounding the incident in question." *Id.* Therefore, the issue is "whether the victim perceived the aggressor's force or imminent threat of force as compelling her compliance." *Id.*

[8] Johnson contends the State failed to prove he compelled Anderson to submit to the touching by force or imminent threat of force. Johnson argues he did not compel Anderson with force, but that "[h]e just did it." Brief of Appellant at 15. However, Johnson's argument completely ignores crucial portions of Anderson's testimony. Anderson testified Johnson returned to Britton's porch and she told him he needed to leave. Johnson then approached her and moved "close in [her] face," pushed her against the wall, and put one hand around her neck. Tr., Vol. 2 at 17. Johnson then placed his other hand up her dress and on her vagina, saying, ""B you know you like this." *Id.* Anderson responded by angrily shoving him in the chest. Johnson's act of pushing Anderson against the wall and holding her by her neck is sufficient evidence to prove Johnson used force to compel her to submit to his unwanted touching.[1]

---

[1] Johnson also alleges because "[h]e just did it[,]" and Anderson did not have the "opportunity to grant or deny" consent to the touching, there is insufficient evidence to support his conviction. Br. of Appellant at 15. There is no statutory requirement that Anderson have the opportunity to "grant or deny consent[,]" *id.*, nor can this be reasonably inferred from our opinion in *Chatham v. State*, 845 N.E.2d 203, 208 (Ind. Ct. App. 2006), to which Johnson cites. The sexual battery statute only requires that Johnson touched Anderson with the intent to satisfy his own or her sexual desires and that Anderson was compelled to submit to the touching by force or imminent threat of force. Ind. Code § 35-42-4-8(a)(1)(A).

# III.  Intimidation

[9] Johnson also alleges there is insufficient evidence to sustain his conviction for intimidation.  In order to convict Johnson of intimidation, the State was required to prove that he communicated a threat to another person, with the intent that the other person be placed in fear of retaliation for a prior lawful act.  Ind. Code § 35-45-2-1(a)(2) (2014).

[10] Here, Johnson approached Britton's home while unwelcome and was asked to leave.  When Anderson threatened to call the police, Johnson responded he would burn the house down "if [she] call[ed] the police . . . and he [would] kill [her] and David if the police showed up."  Tr., Vol. 2 at 12.  Anderson then called the police and they escorted Johnson back to his home.  Johnson again returned to Britton's porch and Anderson told him to leave.  Once again, Johnson responded he would "burn the house down . . . [and] kill ya'll" if the police returned.  *Id.* at 16.

[11] Johnson urges that we reverse his intimidation conviction and alleges his threat was conditional and therefore insufficient to support his conviction.  In support of his argument, Johnson cites to *Causey v. State*, 45 N.E.3d 1239 (Ind. Ct. App. 2015).  In *Causey*, police officers responded to a report of a disturbance at the defendant's residence.  After law enforcement arrived and tried to talk with the defendant, he told the officers to get off his property and stated, "[i]f you come any closer I'll shoot."  *Id.* at 1240.  A panel of this court reversed the defendant's intimidation conviction and held the defendant's threat was

"conditional" and intended to dissuade the officers from coming any closer, and was not a threat related to any past conduct of the officers. *Id.* at 1241.

[12] However, in *Roar v. State*, 52 N.E.3d 940 (Ind. Ct. App. 2016), *adopted and incorporated by Roar v. State*, 54 N.E.3d 1001 (Ind. 2016), another panel of this court disagreed with *Causey*. In *Roar*, the defendant saw the victim serve an eviction notice on the defendant's sister. The defendant began yelling at the victim, verbally abusing her and accusing her of being unprofessional. The defendant threatened to kill her "if [she] came back on the property." *Id.* at 943. In disagreeing with *Causey*, the *Roar* majority opinion noted,

> Mere use of conditional language in the course of communicating a threat does not vitiate the statute's application when the factual predicate for the threat was a prior lawful act of the victim. Stated another way, the language a defendant uses in communicating a threat may be relevant to the fact-finder's assessment of the defendant's intent, but the language used is not the only relevant consideration.

*Id.* at 944. Moreover, our supreme court granted transfer in *Roar* and adopted the majority's analysis. *Roar*, 54 N.E.3d at 1001; *see also Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016) (noting by granting transfer and adopting the majority opinion in *Roar*, our supreme court disapproved of the analysis and holding in *Causey*), *trans. denied*.

[13] In this case, Johnson twice threatened Anderson. The first threat occurred after Anderson lawfully asked him to leave the premises, threatened to call the police, and then did so. The second threat occurred when Johnson returned

and Anderson again stated she would call the police if he did not leave. The police again were called. Therefore, despite Johnson's conditional language, each threat was based on a prior lawful act by Anderson and is sufficient evidence to support Johnson's conviction for intimidation.

# Conclusion

[14] We conclude there is sufficient evidence to sustain Johnson's convictions for sexual battery and intimidation. Accordingly, we affirm.

[15] Affirmed.

Vaidik, C.J., and Bailey, J., concur.