## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2018, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Darlene R. Seymour
Bryan L. Ciyou
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dean Penry,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 29, 2018

Court of Appeals Case No.
18A-CR-665

Appeal from the Clinton Superior Court

The Honorable Justin H. Hunter, Judge

Trial Court Cause No.
12D01-1705-CM-513

**Najam, Judge.**

# Statement of the Case

Dean Penry appeals his conviction, following a bench trial, for intimidation, as a Class A misdemeanor. Penry raises a single issue for our review, which we restate as whether the State presented sufficient evidence to support his conviction. We affirm.

# Facts and Procedural History

Penry and Mary Hamilton have two children together, a son and a daughter, but Penry and Hamilton have not been in a relationship together for six or seven years. Instead, for the last four years Hamilton has been in a relationship with Mike Oldham. Penry "has a[ ]lot of animosity" toward Hamilton and Oldham. Tr. at 27. Penry "doesn't like [Oldham] being around the children" and has "made threats to [Hamilton] about not wanting [Oldham] around [the] children in [Hamilton's] home." *Id.*

In May of 2017, Hamilton and Oldham went to a funeral together. As they were returning to Hamilton's Frankfort home and pulling into the driveway, Penry drove past and saw them together. Penry had his son in his truck with him. Penry shouted obscenities at Hamilton but then drove away. He then called Hamilton and said he wanted to pick up some of their son's things from her house, and Hamilton told him that she and Oldham would leave so he could do so.

Hamilton then drove away from her house in her SUV and Oldham followed her on his motorcycle. Just a few moments after they had left Hamilton's

residence, while they were stopped at an intersection, Penry drove past them and again yelled obscenities. Penry then pulled his vehicle to the side of the road about two car lengths behind Hamilton and exited his vehicle. As he did so, he grabbed his son's aluminum baseball bat out of his vehicle and began to approach Oldham while continuing to shout at Oldham. Penry carried the bat above his waist and appeared "ready to swing it," saying to Oldham that he was "gonna beat [Oldham's] ass." *Id.* at 25-26. Oldham jumped off his motorcycle to defend himself and did not have time to put the kickstand down. However, when it was clear that Oldham was going to stand his ground, Penry "hopped in his truck and ran home and locked . . . himself in his house." *Id.* at 28.

[5] The State charged Penry with intimidation, as a Class A misdemeanor. Following a bench trial, the court found Penry guilty and entered its judgment of conviction and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

[6] Penry asserts on appeal that the State failed to present sufficient evidence to show that he had committed intimidation, as a Class A misdemeanor. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the [judgment]. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder

could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

[7] To prove intimidation, as a Class A misdemeanor, the State was required to prove, first, that Penry "communicate[d] a threat" to Oldham and, second, that he did so with the intent that Oldham "be placed in fear of retaliation for a prior lawful act." *Roar v. State*, 52 N.E.3d 940, 943 (Ind. Ct. App.), *adopted*, 54 N.E.3d 1001, 1002 (Ind. 2016). According to the State's charging information, Penry committed the alleged offense when he communicated a threat to Oldham with the intent that Oldham be placed in fear of retaliation for the prior lawful acts of dating Hamilton and/or being around Hamilton and Penry's children. On appeal, Penry argues that the State's evidence fails to show "any connection between the threat and any prior lawful conduct" by Oldham. Appellant's Br. at 10. Penry further asserts that the merely "holding a baseball bat" is not evidence of an intent to injure Oldham. *Id.* at 13.

[8] Penry cites several cases in support of his argument, but we are not persuaded by them. This case is distinguishable from *Casey v. State*, 676 N.E.2d 1069, 1072-73 (Ind. Ct. App. 1997), *Ransley v. State*, 850 N.E.2d 443, 446-48 (Ind. Ct. App. 2006), *trans. denied*, and *McCaskill v. State*, 3 N.E.3d 1047, 1050-51 (Ind. Ct. App. 2014). In each of those cases, we held that the State wholly failed to identify and present evidence of what the prior lawful act was.

[9] Here, however, the State proved its charge that the prior lawful act was Oldham's relationship with Hamilton and/or being around Penry's children. In particular, the record demonstrates that Oldham unambiguously testified that Penry had "animosity" toward Oldham for his relationship with Hamilton, and that Penry had a history of threatening Oldham for being around Penry's children at Hamilton's residence. Tr. at 27. Consistent with that background, on the day in question here Penry observed Oldham with Hamilton at Hamilton's residence while Penry had his son with him. Penry immediately began confronting Hamilton and Oldham, first with obscenities and then by exiting his vehicle with the bat and approaching Oldham in a threatening manner. A reasonable fact-finder could readily conclude from the State's evidence that Penry communicated a threat to Oldham with the intent that Oldham be placed in fear of retaliation for the prior lawful acts of either dating Hamilton or being around Hamilton and Penry's children.

[10] Still, Penry suggests that the State's evidence is insufficient because, in the course of his conduct, Penry did not specifically say why he was acting as he was, and as such the State's evidence only relates to a possible future act rather than a prior act. But Penry's argument here fails to consider this court's opinion in *Roar v. State*, where we rejected the defendant's argument that the words he used, or failed to use, in his communicated threat was the end-all-be-all of the evidence that the State may present to support its charge of intimidation. 52 N.E.3d at 943-44. As we stated in *Roar*, "when the factual predicate for the threat was a prior lawful act of the victim," the language used

or not used by the defendant during his communication of a threat "does not vitiate the statute's application." *Id.* at 943. We thus reject Penry's argument.

[11] We further hold that the State's evidence readily shows that Penry did not merely brandish the bat. Rather, Penry displayed the bat toward Oldham in a manner that demonstrated that Penry was "ready to swing it." Tr. at 25. Further, while he was displaying the bat in that manner, Penry exclaimed that he was "gonna beat [Oldham's] ass." *Id.* at 26. Thus, the facts here are unlike those in *Gaddis v. State*, where the defendant merely brandished a firearm but did not display the firearm in a specifically threatening way or say any words that were likely to incite a confrontation. 680 N.E.2d 860, 862 (Ind. Ct. App. 1997); *see also Johnson v. State*, 743 N.E.2d 755, 756 (Ind. 2001) (holding that "where . . . the record shows the existence of words or conduct that are reasonably likely to incite confrontation, coupled with the display of a firearm," there is sufficient evidence to prove that a threat has been communicated under the intimidation statute). Thus, we reject Penry's arguments on appeal, and we conclude that the State presented sufficient evidence to support Penry's conviction.

[12] Affirmed.

Crone, J., and Pyle, J., concur.