## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2019, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Denise L. Turner
DTurner Legal LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Koressel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joy L. Nelson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2288<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Charles D. O'Connor, Senior Judge<br><br>Trial Court Cause No.<br>73C01-1512-F5-99 |

**Friedlander, Senior Judge.**

[1]     Joy Nelson appeals her conviction of intimidation, alleging that the evidence was insufficient. Concluding the State presented evidence sufficient to support her conviction, we affirm.

[2]     In December 2015, Nelson lived at Loper Common Apartments in Shelbyville. Believing there to be water damage in Nelson's apartment that needed repair and in accordance with the lease, the property manager of the apartment complex provided a notice of inspection to Nelson on December 9 informing her that maintenance would be inspecting her apartment on December 10 at 5:00 p.m. Nelson, however, refused to let maintenance enter her apartment. On December 10, the property manager provided a second notice to Nelson, informing her that maintenance would inspect her apartment on December 11 between 3:00 p.m. and 5:00 p.m. for the purpose of determining whether water extraction needed to be completed.

[3]     On December 11, Ben Mohney, the maintenance supervisor, and Courtney Bedal, the assistant property manager, went to Nelson's apartment. Due to a history of confrontations with Nelson, Bedal and Mohney were accompanied by a courtesy officer and two uniformed officers, and Bedal made an audio recording of the encounter with her cell phone. Mohney knocked on the door and waited for a response three separate times. Receiving no response, he used a key to unlock the door of Nelson's apartment. Mohney partially opened the door of the apartment but was stopped from opening it further and entering because the door chain was engaged. Nelson, who was in the apartment, told the group there was no need for maintenance, that they were not allowed to

enter her apartment, and that, if they did enter, she would shoot them. Bedal and Mohney both testified to seeing a black handgun. On the recording, Nelson can be heard to say, "Safety's off." Ex. Vol., State's Ex. 4. After several minutes of heated exchange, Mohney, Bedal, and the officers left.

[4] Based upon this incident, the State charged Nelson with intimidation, a Level 5 felony.[1] A jury found Nelson guilty of the lesser included offense of intimidation as a Level 6 felony. Pursuant to the alternative misdemeanor sentencing statute,[2] the court entered judgment of conviction as a Class A misdemeanor and sentenced Nelson to twelve months with credit for six days executed and the balance suspended to probation. Nelson now appeals.

[5] Nelson contends the State failed to present evidence sufficient to support her conviction. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015). When an appellant challenges the

---

[1] Ind. Code § 35-45-2-1 (2014).

[2] Ind. Code § 35-38-1-1.5 (2014).

sufficiency of the evidence of her conviction after a jury verdict, "the appellate posture is markedly deferential to the outcome below." *Bowman v. State*, 51 N.E.3d 1174 (Ind. 2016).

[6] In order to obtain a conviction for intimidation in this case, the State must have proved beyond a reasonable doubt that (1) Nelson (2) communicated a threat to another person (3) with the intent (4) that the other person be placed in fear of retaliation for a prior lawful act. *See* Ind. Code § 35-45-2-1; Appellant's App. Vol. II, p. 17. Nelson challenges the State's evidence as to the prior lawful act. In charging Nelson, the State alleged that the prior lawful act was the entry into her apartment for inspection. *See* Appellant's App. Vol. II, p. 17. Particularly, Nelson asserts that Mohney had not yet entered her apartment when she threatened to shoot him. Therefore, she claims "the threat was aimed at either a future act or an act in progress, not a prior one." Appellant's Br. p. 6.

[7] The evidence presented at trial showed that Mohney unlocked and partially opened the door but was stopped from opening it further because the door chain had been engaged. The jury could thus reasonably infer from these circumstances that Mohney effected an entry into Nelson's apartment when he opened the door as far as the chain would allow.[3] For us to conclude otherwise

---

[3] We find it interesting to note this Court's determination of what constitutes an "entry" in the criminal context. This Court has held that any breach of the threshold, however slight, by any part of the body constitutes an entry. *Cupello v. State*, 27 N.E.3d 1122 (Ind. Ct. App. 2015) (concluding that officer's placing of foot into threshold of apartment door was unlawful entry); *see also Williams v. State*, 873 N.E.2d 144 (Ind. Ct. App. 2007) (interpreting residential entry statute to determine that partial entry is sufficient to support conviction); *McCormick v. State*, 178 Ind. App. 206, 382 N.E.2d 172 (1978) (determining that entry of entire body is not necessary to satisfy the "entry" element of offense of burglary). Under this guiding precedent,

would invade the exclusive province of the jury to weigh the evidence. *See Gantt v. State*, 825 N.E.2d 874 (Ind. Ct. App. 2005) (recognizing jury's province to accept or reject evidence as it sees fit).

[8] Moreover, Mohney's entry was completed before Nelson issued her threat. The audio recording of the incident (Exhibit 4) distinctly indicates that Mohney unlocked and opened the apartment door, and Nelson then began to argue with him about whether she was required to let them in to inspect the apartment. After some back-and-forth, Nelson stated that if they came in to her apartment, she would shoot them. Mohney responded that he would use his clippers to cut the door chain, to which Nelson replied if he did that he would "be sorry." Ex. Vol., State's Ex. 4. It is clear from the record that Mohney entered Nelson's apartment and that his entry was complete before Nelson issued her threat, thereby constituting a "prior act" as required by statute. Consequently, Nelson's assertion that her threat concerned an act in progress, rather than a completed prior act, is untenable.[4]

Mohney's opening of the door, in which his hand and, presumably, his wrist and part of his lower arm crossed the threshold of the apartment doorway, would constitute an entry.

[4] In the alternative, Nelson claims that her threat concerned a future act. She bases this contention on her use of a conditional statement in issuing the threat (i.e., *if* Mohney entered the apartment, she would shoot him). *See* Appellant's Br. pp. 6-7. However, in *Roar v. State*, this Court wrote and our Supreme Court adopted the standard that "[m]ere use of conditional language in the course of communicating a threat does not vitiate the [intimidation] statute's application when the factual predicate for the threat was a prior lawful act of the victim." 52 N.E.3d 940, 943 (Ind. Ct. App. 2016), adopted and incorporated, 54 N.E.3d 1001 (Ind. 2016). Given the precedent of *Roar* and the circumstances establishing that the lawful act occurred prior to Nelson's threat, this argument fails.

[9]     For the reasons stated, we conclude the evidence was sufficient to support Nelson's conviction of intimidation.

[10]    Judgment affirmed.


Bailey, J., and Bradford, J., concur.